Docket No. 89837–Agenda 9–May 2001.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. VINCENT D. BRITT-EL, Appellant.

Opinion filed August 29, 2002.

JUSTICE McMORROW delivered the opinion of the court:

The defendant, Vincent Britt-El, filed a second post-conviction petition along with a “Motion For Leave To File Second Post-Conviction Petition” in the circuit court of Vermilion County. The circuit court denied the motion as “untimely” and did not consider the merits of defendant’s petition. On appeal, the appellate court treated the circuit court’s ruling as a summary dismissal of defendant’s post-conviction petition and affirmed. The appellate court held that defendant’s petition was an improper, successive petition that was not permitted under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122–1 
et seq.
 (West 2000). No. 4–99–0738 (unpublished order under Supreme Court Rule 23). For the reasons that follow, we affirm the judgment of the appellate court.

BACKGROUND

Following a jury trial, defendant was convicted and sentenced on two counts of first degree murder and other felony offenses. Defendant’s convictions and sentences were affirmed on direct appeal. 
People v. Britt
, 265 Ill. App. 3d 129 (1994). Defendant filed a petition for leave to appeal from this decision which was denied at the September 1995 term of court. 
People v. Britt
, 163 Ill. 2d 567 (1995).

On August 29, 1996, defendant filed his first petition for post-conviction relief. In this petition, defendant alleged that he had been denied the effective assistance of counsel at trial. Specifically, defendant asserted that his trial counsel had erred in advising defendant not to testify at trial and during a hearing on defendant’s motion to suppress. Defendant further alleged that trial counsel had failed to have a “vital” witness testify during the hearing on the motion to suppress, and that trial counsel had failed to properly cross-examine several of the State’s key witnesses at trial. On the same day that defendant filed his first post-conviction petition, the circuit court concluded that it did not have jurisdiction to consider the petition because it was filed outside the time limitations set forth in section 122–1 of the Act. See 725 ILCS 5/122–1 (West 1996). Accordingly, the circuit court dismissed the petition.

On September 11, 1996, defendant filed a motion to reconsider. In this motion, defendant conceded that his petition was untimely filed. Defendant noted, however, that under section 122–1 of the Act, an untimely petition may be considered on the merits if the “petitioner alleges facts showing that the delay in filing was not due to his culpable negligence.” 725 ILCS 5/122–1 (West 2000). Defendant argued that the prison in which he was incarcerated had been on “several severe lockdowns”, that he had been denied access to the prison law library, and that he had been unable to prepare his post-conviction petition. Thus, according to defendant, the delay in filing the petition was not due to his culpable negligence, and his tardiness in filing the petition should have been excused. The circuit court rejected these arguments and denied defendant’s motion to reconsider. Defendant appealed.

On appeal, the appellate court affirmed the circuit court’s dismissal of defendant’s first post-conviction petition. 
People v. Britt
, No. 4–96–0730 (1997) (unpublished order under Supreme Court Rule 23). Citing to 
People v. Heirens
, 271 Ill. App. 3d 392 (1995), which was the governing case law at that time, the appellate court held that “the time frame of section 122–1 of the Act within which a defendant must file his postconviction petition is jurisdictional, so that the petition is barred if not timely filed.” The appellate court noted that defendant had conceded that his petition was untimely. The appellate court then considered and rejected defendant’s argument that the delay in filing his petition could be excused because it was not due to defendant’s culpable negligence. The appellate court concluded that, even accepting that defendant’s prison had been on lockdown, this excused only a portion of the delay in filing. According to the appellate court, defendant’s petition was still an additional 11 months tardy beyond that which could be excused by the lockdown and defendant had offered no explanation for this further delay. Accordingly, the appellate court held that the petition was untimely filed and, therefore, that the court was “without jurisdiction to entertain” defendant’s post-conviction petition. Defendant subsequently filed a petition for leave to appeal which was denied at the January 1998 term of court. 
People v. Britt
, 176 Ill. 2d 578 (1998).

On August 9, 1999, defendant filed a second post-conviction petition along with a “Motion For Leave To File A Second Post-Conviction Petition” in the circuit court. In this second petition, which is the subject of the present appeal, defendant repeated the allegations of ineffective assistance of counsel that were presented in his first petition. Defendant also raised numerous additional allegations of constitutional violations. Defendant alleged, for example, that his trial counsel was constitutionally ineffective because he failed to request certain limiting instructions, failed to object to the introduction of autopsy photos, and failed to move to suppress certain items of evidence. Defendant also contended that several of the trial court’s rulings and several comments made by the prosecutor had denied him certain constitutional rights.

In his “Motion For Leave To File A Second Post-Conviction Petition,” defendant repeated the same argument regarding culpable negligence that he had made during his first post-conviction proceeding, even though this argument had previously been rejected by the appellate court. In his motion, defendant asserted that, during the time in which he was trying to prepare his first post-conviction petition, the prison in which he was incarcerated was on several “severe lockdowns” and that this excused the tardy filing of the first petition. After making these assertions, defendant concluded by stating that “the failure of the court to consider these claims made herein [in his second post-conviction petition] will result in a fundamental miscarriage of justice.” Defendant then requested that the circuit court “grant[] him leave to file [a] second post-conviction petition.”

In a docket entry, the circuit court rejected defendant’s argument that the second petition was timely filed and denied defendant’s motion for leave to file a second post-conviction petition. Defendant appealed.

On appeal, the appellate court did not consider whether defendant’s second post-conviction petition was timely filed but, instead, addressed whether the petition was procedurally barred as an improper, successive petition. In so doing, the appellate court treated the circuit court’s denial of defendant’s motion for leave to file a second post-conviction petition as a summary dismissal of the second post-conviction petition. See 725 ILCS 5/122–2.1(a)(2) (West 2000).

Before the appellate court, defendant acknowledged that the filing of successive post-conviction petitions is generally prohibited under the Post-Conviction Hearing Act. Defendant maintained, however, that the circumstances of his case fell within the exception which allows successive petitions when it can be shown that “the proceedings on the initial petition were deficient in some fundamental way.” 
People v. Flores
, 153 Ill. 2d 264, 273-74 (1992). In support of this argument, defendant cited this court’s opinion in 
People v. Wright
, 189 Ill. 2d 1 (1999), a decision which was issued after the completion of defendant’s first post-conviction proceedings. According to defendant, 
Wright
 overruled 
Heirens 
and established that the time limitations in the Act are not jurisdictional but are, instead, a statute of limitations which can only be raised as an affirmative defense by the State in responsive pleadings. Based on this reading of 
Wright
, defendant maintained that the circuit court lacked the authority, under section 122–2.1(a)(2) of the Act, to 
sua sponte
 consider the timeliness of his first post-conviction petition during the initial stage of post-conviction review. Therefore, in defendant’s view, the proceedings on his initial petition were fundamentally deficient and his second petition should have been considered by the circuit court on the merits.

The appellate court rejected these arguments and affirmed the dismissal of defendant’s second post-conviction petition. We then granted defendant’s petition for leave to appeal. See 177 Ill. 2d R. 315.

ANALYSIS

At the outset, defendant offers an argument, unrelated to the argument concerning 
Wright
 which was advanced in the appellate court, for why his second post-conviction petition should be given consideration on the merits. As he did before the appellate court, defendant acknowledges that the Post-Conviction Hearing Act generally prohibits the filing of successive post-conviction petitions. See 
People v. Flores
, 153 Ill. 2d 264, 273 (1992) (“The Post-Conviction Hearing Act contemplates the filing of only one post-conviction petition”), citing 
People v. Free
, 122 Ill. 2d 367, 375 (1989). Defendant contends, however, that the disposition of his first post-conviction petition, filed in 1996, did not constitute a complete or valid initial post-conviction proceeding. Defendant maintains that his first post-conviction proceeding did not afford him the opportunity to have his ineffective assistance of counsel claims heard on the merits because the first post-conviction petition was dismissed on the basis that it was untimely filed. Since he never received a merits-based ruling on his first petition, defendant argues that his first post-conviction proceeding was, in effect, a nullity. Therefore, according to defendant, his second post-conviction petition, filed in 1999, was not a “successive” petition as that term is used with respect to the Act and the ineffective assistance of counsel claims raised in that petition may be considered on the merits. We disagree.

Defendant received every procedural right, including the opportunity to have his claims heard on the merits, that was available to him at the time his first post-conviction petition was filed. When defendant’s first petition was filed in 1996, the controlling case law interpreting the time limitations in the Act was found in 
People v. Heirens
, 271 Ill. App. 3d 392 (1995). Under that decision, the time limitations in the Act were considered jurisdictional and it was incumbent upon a petitioner who filed an untimely post-conviction petition to affirmatively plead “facts showing that the delay [in filing] was not due to his or her culpable negligence” (725 ILCS 5/122–1(c) (West 2000)) in order to have his claims heard on the merits. Defendant took advantage of this “safety valve” in an effort to have his claims heard. Before the circuit court, defendant conceded that his first post-conviction petition was untimely filed but argued that the delay in filing the petition was not due to his culpable negligence because the prison in which he was incarcerated had been on lockdown. The circuit court rejected this argument. The appellate court, after full consideration, affirmed. The appellate court held that, even accepting all of defendant’s arguments regarding culpable negligence as true, there remained an unexcused delay in the filing of the petition. This court denied the defendant’s petition for leave to appeal from the appellate court’s decision. Thus, there was a full and final resolution on whether defendant had established a lack of culpable negligence. Defendant was accorded all the procedural rights and protections any post-conviction petitioner could have received under the Act as it was interpreted at the time the first petition was filed. Under these circumstances, it cannot be said that defendant’s first post-conviction proceeding was a nullity. Accordingly, defendant’s second post-conviction petition, the petition at issue in the case at bar, is a successive petition for purposes of the Post-Conviction Hearing Act.

Defendant argues, however, that even if his second post-conviction petition is a successive petition, it may nevertheless be considered on the merits because the proceedings on his initial post-conviction petition were fundamentally deficient pursuant to 
Wright
. Before addressing this argument, we clarify the scope of the issue presented. Defendant’s second post-conviction petition presents numerous claims of constitutional violations, the majority of which were not raised in defendant’s first post-conviction petition. Section 122–3 of the Post-Conviction Hearing Act provides that “[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived.” 725 ILCS 5/122–3 (West 2000). In his brief before this court, defendant does not mention the additional claims raised in his second post-conviction petition nor does he argue that these claims are excused from the waiver provision of section 122–3. Further, even under the principal argument advanced by defendant both here and in the appellate court, 
i.e.
, that defendant’s first post-conviction petition was erroneously dismissed on jurisdictional grounds, we discern no reason why the additional claims could not have been included in defendant’s first petition. Accordingly, those claims in defendant’s second petition which were not included in his first petition are waived. That being the case, the scope of our review is limited to consideration of those claims of ineffective assistance of trial counsel which were presented in both defendant’s first post-conviction petition and his second. See 
People v. Pitsonbarger
, No. 89368, slip op. at 12-13 (May 23, 2002) (each claim in a successive petition must be reviewed to ascertain whether the claim is barred).

We now turn to defendant’s argument that his first post-conviction proceedings were fundamentally deficient under 
Wright
. A narrow exception to the rule prohibiting successive post-conviction petitions holds that a claim presented in a successive petition may be given consideration when the proceedings on the initial petition were “deficient in some fundamental way.” 
People v. Flores
, 153 Ill. 2d 264, 273-74 (1992). To establish a fundamental deficiency which will permit consideration of the successive petition, a defendant must demonstrate both “cause and prejudice” with respect to each claim raised. See generally 
People v. Pitsonbarger
, No. 89368. “For purposes of this test, ‘cause’ is further defined as some objective factor external to the defense that impeded counsel’s efforts to raise the claim in an earlier proceeding, and ‘prejudice’ is defined as an error which so infected the entire trial that the resulting conviction violates due process.
 Flores
, 153 Ill. 2d at 279.” 
People v. Jones
, 191 Ill. 2d 194, 199 (2000).

Defendant’s explanation for why the claims of ineffective assistance of counsel which are repeated in his second post-conviction petition should be considered on the merits–his argument as to why he has satisfied the cause inquiry–is based on the assertion that the circuit court improperly impeded his ability to bring those claims in his first post-conviction petition because the court 
sua sponte
 considered the timeliness of that petition. In support of this argument, defendant relies upon this court’s decision in 
Wright
. 
Wright
, however, was decided in November 1999, almost two years after defendant’s appeal from the denial of his first post-conviction petition was completed. As noted, the controlling case law at the time of defendant’s first post-conviction proceedings was found in 
Heirens
, an opinion which held that the time limitations in the Post-Conviction Hearing Act were jurisdictional and could properly be raised 
sua sponte
 by the circuit court. Thus, in arguing that his first post-conviction proceedings were fundamentally deficient pursuant to 
Wright
, defendant is contending that our holding in 
Wright
 should be applied retroactively to his first proceeding.

The State, in response to defendant’s arguments, first contests defendant’s reading of
 Wright
. According to the State, even under 
Wright
, the circuit court retains the authority to 
sua sponte
 consider the timeliness of a post-conviction petition during the initial stage of review. Furthermore, in the State’s view, even if 
Wright
 does stand for the proposition that the circuit court may not 
sua sponte
 consider the timeliness of a post-conviction petition, that holding should not be applied to defendant’s first post-conviction petition. The State maintains that “the People’s interest in the finality of criminal litigation and judgments” should preclude application of 
Wright
 and prevent consideration of the claims raised in defendant’s second petition.

Initially, we note that any confusion as to the meaning of 
Wright
, and any confusion as to whether a circuit court possesses the authority to 
sua sponte
 raise the timeliness of a post-conviction petition during the initial stage of post-conviction review, has been resolved by our recent decision in 
People v. Boclair
, Nos. 89388, 89471, 89534 cons. (August 29, 2002). In that case, we concluded that the Act does not permit the summary dismissal of a post-conviction petition during the first stage of post-conviction review on the ground that the petition is untimely. 
Boclair
, slip op. at 3-9. Consequently, having concluded in 
Boclair
 that a circuit court may not 
sua sponte
 dismiss a petition on the basis of timeliness, the question in this case becomes whether the holding of 
Boclair
 should be given retroactive application to defendant’s first post-conviction proceeding. Under this court’s case law, the answer to this question is no.

In 
People v. Szabo
, 186 Ill. 2d 19 (1998), the defendant filed a second post-conviction petition in which he sought to take advantage of a decision of this court, 
People v. Johnson
, 154 Ill. 2d 227 (1993), that had been announced after the completion of his first post-conviction proceedings. 
Johnson
 addressed the duties of post-conviction counsel which arise under Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)). In substance, the defendant in 
Szabo
 sought a reexamination of the holding in the appeal from his first post-conviction appeal, arguing that the appeal was deficient based upon 
Johnson
. This court rejected this argument, stating:

“
Johnson
 was decided after the present defendant’s appeal from the denial of his first post-conviction petition. We do not believe that 
Johnson
 controls the outcome of the present case, any more than we believe that 
Johnson
 governs other post-conviction matters that were concluded long ago. The proceedings on defendant Szabo’s first post-conviction petition had been entirely completed by the time 
Johnson
 was decided.” 
Szabo
, 186 Ill. 2d at 25.

Applying the logic of 
Szabo
 to the instant appeal, this court’s holding in 
Boclair
 that a circuit court may not raise the issue of timeliness 
sua sponte
 cannot be applied retroactively to defendant’s first post-conviction proceeding.

Further, even under a general fundamental fairness inquiry, it is clear that the holding adopted in 
Boclair
 should not be applied retroactively to defendant’s first post-conviction proceeding. 
Cf
. 
Teague v. Lane
, 489 U.S. 288, 307, 103 L. Ed. 2d 334, 353, 109 S. Ct. 1060, 1073 (1989) (decisions establishing new constitutional rules of criminal procedure may be applied retroactively to cases pending on collateral review where the new rule requires the observance of those procedures that are implicit in the concept of ordered liberty). In the case at bar, after defendant’s first post-conviction petition was initially dismissed, defendant filed a motion to reconsider in which he alleged that his tardy filing was not due to his culpable negligence. See 725 ILCS 5/122–1 (West 2000). The circuit court denied that motion. On appeal in 1997, the appellate court fully discussed the issue of culpable negligence and held that defendant’s petition was untimely. Defendant’s petition for leave to appeal from that decision was denied. Thus, on the critical issues of whether defendant’s first petition was, in fact, untimely and whether he lacked culpable negligence for the tardy filing, defendant has had his day in court. These issues were fully and finally litigated in the trial court, the appellate court, and this court when it denied defendant’s petition for leave to appeal.

Significantly, neither the holding in 
Wright
 nor the holding in the 
Boclair
 changed the length of the post-conviction time limitations or the definition of culpable negligence. Indeed, from defendant’s perspective, and as a practical matter, the only relevant change that has been made in post-conviction law since the first post-conviction proceeding was completed is that now the issue of timeliness must be affirmatively raised by the State, rather than the circuit court. Thus, viewing the first post-conviction proceeding from the perspective of the new law established in 
Boclair
, the only way it can be said that defendant has suffered any prejudice is that, during the first post-conviction proceeding, defendant was denied the 
possibility
 that the State 
might
 have elected to waive the timeliness issue. However, in the course of the present appeal, the State has continued to argue that defendant was culpably negligent in filing the first petition and that the first petition was therefore untimely filed. In other words, the State, being fully aware of the nature of defendant’s claims of ineffective assistance of counsel, has made known that it would have pursued the timeliness defense during the first post-conviction proceeding and would not have waived it. Defendant has therefore not been prejudiced in any way by the change in the law announced in 
Boclair
. Under these circumstances, denying retroactive application would not be fundamentally unfair to defendant.

Boclair
 may not be applied retroactively to defendant’s first post-conviction proceeding. Accordingly, defendant cannot establish cause for proceeding on the claims of ineffective assistance of counsel which are repeated in his second petition. Thus, the claims of ineffective assistance of counsel which are repeated in defendant’s second post-conviction petition are procedurally barred from consideration on the merits.

CONCLUSION

For the foregoing reasons, the appellate court properly affirmed the dismissal of defendant’s second post-conviction petition.

Affirmed
.

CHIEF JUSTICE HARRISON, dissenting:

Contrary to the majority’s assertion, Britt-El was not accorded all of the procedural protections to which he was entitled at the time his first post-conviction petition was filed. Britt-El’s first petition was improperly dismissed by the circuit court, on the court’s own motion, on the grounds that it was untimely. As we recently held in 
People v. Boclair
, Nos. 89388, 89471, 89534 cons. (August 29, 2002) such 
sua sponte
 dismissals are not permitted under the Post-Conviction Hearing Act.

A significant feature of 
Boclair 
is that it did not limit its interpretation of the Post-Conviction Hearing Act to cases pending on direct review or those arising in the future. We should not impose such a limitation now. Decisions by our court are presumed to apply retroactively as well as prospectively. 
Tosado v. Miller
, 188 Ill. 2d 186, 196 (1999);
 Deichmueller Construction Co. v. Industrial Comm’n
, 151 Ill. 2d 413, 416 (1992). Although that presumption may be overcome, prospective-only application is the exception. Retroactivity is the norm.

Unless our court has expressly stated in its ruling that the decision will only be applied prospectively, overcoming the presumption in favor of retroactivity requires consideration of three factors: (1)whether the decision established a new principle of law; (2) whether, given the purposes and history of the new rule, its operation would be retarded or promoted by prospective application; and (3) whether substantial inequitable results would be produced if the decision were applied retroactively. 
Tosado
, 188 Ill. 2d at 197;
 Aleckson v. Village of Round Lake Park
, 176 Ill. 2d 82, 88 (1997).

 The first of these three factors is a threshold requirement. If it is not met, that is, if the decision does not establish a new principle of law, there is no need for further inquiry. The presumption cannot be overcome. The decision will not be limited to prospective application. 
Tosado
, 188 Ill. 2d at 197.

Contrary to the majority’s view, 
Boclair
 did not produce a change in the law. The Post-Conviction Hearing Act did not mean one thing prior to our decision in 
Boclair
 and something else afterward. In construing the plain language of the Act as we did in 
Boclair
, our court established no new common law principles. We recognized no new rules of constitutional procedure. We overruled no prior decisions of this court. Our decision interpreting the Act simply declared what the law had always meant from its effective date forward. See
 Gates v. United States
, 515 F.2d 73, 78 (7th Cir. 1975). That being so, there is no basis for overcoming the presumption in favor of retroactive as well as prospective application. The interpretation of the Act we followed in 
Boclair
 is unquestionably applicable to the present case.

People v. Szabo
, 186 Ill. 2d 19 (1998), and 
Teague v. Lane
, 489 U.S. 288, 103 L. Ed. 2d 334, 109 S. Ct. 1060 (1989), the decisions cited by my colleagues to reach a contrary result, are inapposite. Unlike the post-conviction proceeding before us today, neither of those cases involved the applicability of a decision which merely interpreted and applied the plain language of an existing statute. Where a judicial interpretation of a statue involves a commonsense construction based on the clear wording of the law as enacted by the General Assembly, the notion that the decision should be applied only prospectively is untenable. See 
People v. Turnbeaugh
, 116 Ill. App. 3d 199, 205 (1983).

The appellate court’s opinion in 
People v. Heirens
, 271 Ill. App. 3d 392 (1995), cited by my colleagues, does not alter this conclusion. The issue in 
Heirens
 was not whether the court could summarily dismiss a post-conviction petition as untimely on its own motion, but whether the State should be barred from challenging the petition’s timeliness. Unlike 
Boclair
 and the case before us today, the timeliness of the petition in 
Heirens
 was specifically challenged by the State in its motions to dismiss. 
Heirens
, 271 Ill. App. 3d at 399. The statutory authority of the trial judge court to rule, 
sua sponte
, that the petition had been filed too late was neither raised nor decided.

Even if 
Heirens
 could be construed as authorizing the circuit court’s action at the time Britt-El’s first petition was dismissed, that is not a sufficient basis for refusing to follow 
Boclair
 now. As previously indicated, 
Boclair
 established no new criminal or common law rules. It merely interpreted the Post-Conviction Hearing Act in accordance with the Act’s plain language. Giving the clear language of a statute its effect as written cannot be said to result in a change in the law, even where prior decisions of the appellate court have reached contrary interpretations. See 
People v. Crete
, 113 Ill. 2d 156, 160-63 (1986). Accordingly, new judicial decisions which do not enlarge the meaning of a statute but simply interpret the statute’s unambiguous language will be followed in post-conviction proceedings notwithstanding the fact that the appellate court may once have construed the law differently. See 
People v. Granados
, 172 Ill. 2d 358, 367-69 (1996); 
People v. Moore
, 177 Ill. 2d 421, 430-37 (1997).

Because the circuit court misapplied the Post-Conviction Hearing Act and dismissed Britt-El’s original petition when it had no statutory authority to do so, the initial post-conviction proceedings were fundamentally deficient. They served none of the purposes for which the Post-Conviction Hearing Act was enacted. In this regard, the situation is analogous to that presented to our court in 
People v. Nichols
, 51 Ill. 2d 244, 246 (1972), where the circuit court erroneously dismissed the original post-conviction petition without appointing counsel. Because of the circuit court’s fundamental error, our court viewed the original proceedings as a virtual nullity. 
People v. Free
, 122 Ill. 2d 367, 376 (1988). I fail to see how we can take a different view here.

The majority’s contention that Britt-El was not prejudiced by the circuit court’s failure to follow the plain language of the Post-Conviction Hearing Act is misguided. It is easy for the State to claim now that it would have challenged the timeliness of the original post-conviction petition if the circuit court had not raised the matter first, but the fact is that it did not. The State was not obligated to move for dismissal of the original petition on the grounds that it was untimely, and it filed no such motion. The timeliness of the petition became an issue only when it was improperly injected into the case by the circuit court.

The State does not invariably raise all of the affirmative defenses available to it, and we have no basis to assume that it would have raised a limitations defense here. Although the State did embrace that defense later, it is important to remember that the subsequent litigation regarding the timeliness of the original petition was necessary only because of the circuit court’s initial error in dismissing the petition. Had the circuit court not acted in violation of the Post-Conviction Hearing Act, the petition’s timeliness may never have been contested and Britt-El would not have been forced into a position of having to plead, after the fact, that the delay should be excused.

By allowing the circuit court’s undeniable error in dismissing Britt-El’s original post-conviction petition on procedural grounds to block Britt-El from litigating the merits of his post-conviction claims in a subsequent post-conviction proceeding, the majority has denied him the “ ‘one complete opportunity to show a substantial denial of his constitutional rights’ ” to which he is entitled. See 
Free
, 122 Ill. 2d at 376, quoting 
People v. Logan
, 72 Ill. 2d 358, 370 (1978). That is not justice. It is the impersonation of justice. Fundamental fairness and the law demand a contrary result.

For the foregoing reasons, the judgment of the appellate court affirming dismissal of Britt-El’s second petition for post-conviction relief should be reversed, and the cause should be remanded to the circuit court for further proceedings. I therefore dissent.