THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIE E. PURNELL, Defendant-Appellant.

Fourth District   No. 4—02—0253

Opinion filed March 31, 2005.

Charles M. Schiedel and Lawrence Bapst, both of State Appellate Defender's Office, of Springfield, for appellant.

John C. Piland, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

In February 2002, defendant, Willie E. Purnell, an inmate at Illinois River Correctional Center, filed a *habeas corpus* petition. Later that month, the trial court dismissed Purnell's petition, finding that (1) it failed to state a claim for *habeas corpus* relief and (2) if considered as a postconviction petition, the claims therein were barred by principles of forfeiture and *res judicata*.

Purnell appeals, arguing that the trial court erred by dismissing his *habeas corpus* petition without considering whether the petition stated the gist of a constitutional claim. We disagree and affirm.

## I. BACKGROUND

In December 1999, the State charged Purnell with (1) possession

with intent to deliver a controlled substance (1 gram or more but less than 15 grams of a substance containing cocaine) (720 ILCS 570/401(c)(2) (West Supp. 1999)) (count I) and (2) delivery of a controlled substance (less than 1 gram of a substance containing cocaine) (720 ILCS 570/401(d) (West Supp. 1999)) (count II). In April 2000, the State filed a third count against Purnell, which was later withdrawn. On August 7, 2000, two days before the start of Purnell's jury trial, the State filed an information containing a fourth count against him. That count alleged that in December 1999, Purnell, "while on a public way *** within 1[,]000 feet of the real property comprising a place used primarily for religious worship, *** knowingly and unlawfully possessed with the intent to deliver 1 gram or more but less than 15 grams of a substance containing cocaine" (720 ILCS 570/401(c)(2), 407(b)(1) (West Supp. 1999)) (count IV). The trial court's docket shows that Purnell was arraigned on count IV on August 7, 2000.

On August 10, 2000, a jury convicted Purnell of counts II and IV. In September 2000, the trial court sentenced him to 15 years in prison on count IV. Purnell appealed, arguing only that the court abused its discretion by sentencing him to 15 years in prison. This court affirmed Purnell's conviction and sentence. *People v. Purnell*, No. 4—00—0854 (January 17, 2002) (unpublished order under Supreme Court Rule 23).

In April 2001, Purnell *pro se* filed a petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 through 122—8 (West 2000)), alleging that he was denied (1) his sixth amendment right to confront witnesses against him (U.S. Const., amend. VI) when the State failed to call as a witness the individual to whom Purnell allegedly delivered cocaine; (2) his fourteenth amendment right to procedural due process (U.S. Const., amend. XIV) when the State did not show that individual's unavailability; and (3) his fourteenth amendment right to equal protection of law (U.S. Const., amend. XIV) when the State called that individual as a witness at the trial of a person Purnell described as his "co[ ]defendant." In May 2001, the trial court dismissed Purnell's postconviction petition as frivolous and patently without merit (725 ILCS 5/122—2.1(a)(2) (West 2000)), upon finding that (1) the issues raised therein were barred by principles of forfeiture and *res judicata* and (2) the petition was not supported by affidavits or any other evidentiary documents.

In June 2001, Purnell *pro se* filed a second postconviction petition, which contained the same allegations as his original petition but to which he attached (1) portions of the trial transcript, (2) a memorandum of law, and (3) an excerpt from a federal criminal opinion. Later that month, the trial court dismissed Purnell's second postconviction petition, upon finding it to be frivolous and patently without merit

(725 ILCS 5/122—2.1(a)(2) (West 2000)). Specifically, the court found that Purnell's claims were barred by principles of forfeiture and *res judicata* because the issues raised were virtually identical to those raised in his first postconviction petition and the proceedings on the first petition were not deficient in some fundamental way.

Purnell filed a notice of appeal, and the trial court appointed the office of the State Appellate Defender (OSAD) to represent him. OSAD filed a motion to withdraw as counsel on appeal, and in July 2002, this court granted OSAD's motion and affirmed the trial court's dismissal of Purnell's second postconviction petition. *People v. Purnell*, No. 4—01—0624 (July 23, 2002) (unpublished order under Supreme Court Rule 23).

In February 2002, Purnell filed a petition for *habeas corpus* relief, alleging that (1) the trial court committed plain error when it arraigned him at his initial court appearance in violation of his fourth and fourteenth amendment rights (U.S. Const., amends. IV, XIV); (2) his fourth, fifth, and fourteenth amendment rights (U.S. Const., amends. IV, V, XIV) were violated when he was arraigned and tried on count IV in the absence of an arrest warrant, a probable-cause hearing, and a grand-jury indictment and without his entering a plea; and (3) he was denied his right to effective assistance of counsel in that his trial counsel (a) allowed him to be arraigned without a probable-cause determination, before an indictment had been returned, and without his entering a plea; (b) later allowed him to be arraigned and tried on count IV without a probable-cause determination and before an indictment had been returned; and (c) failed to file motions to dismiss.

In February 2002, the trial court entered a memorandum opinion dismissing Purnell's *habeas corpus* petition. In its memorandum opinion, the court first stated that under *People v. Sturgeon*, 272 Ill. App. 3d 48, 649 N.E.2d 1385 (1995), it was required to consider Purnell's *habeas corpus* petition as if it were a postconviction petition. The court then concluded that the issues Purnell raised in the petition were barred by principles of forfeiture and *res judicata* because (1) they were similar to those raised in Purnell's previous two postconviction petitions and (2) Purnell did not show that the proceedings on his prior postconviction petitions were fundamentally flawed.

The trial court then considered Purnell's petition under section 10—124 of the Code of Civil Procedure (Code) (735 ILCS 5/10—124 (West 2000)), which sets forth the conditions under which *habeas corpus* relief may be granted. The court determined that Purnell's claims were not cognizable under that section of the Code.

This appeal followed.

## II. ANALYSIS

### A. *Habeas Corpus* Relief

Section 10—124 of the Code (735 ILCS 5/10—124 (West 2002)) sets forth seven specific instances that entitle a prisoner to *habeas corpus* relief. Those seven instances fall into two general categories— either the trial court lacked jurisdiction or there has been some occurrence subsequent to the prisoner's conviction that entitles him to release. *People v. Gosier*, 205 Ill. 2d 198, 205, 792 N.E.2d 1266, 1270 (2001). If neither of those two instances is applicable, *habeas* relief is not appropriate, even if the alleged errors involve a denial of constitutional rights. *Gosier*, 205 Ill. 2d at 205, 792 N.E.2d at 1270.

■ Purnell does not argue on appeal that the trial court erred when it determined that he was not entitled to *habeas corpus* relief. We further note that although his petition sought *habeas corpus* relief, none of his claims (1) challenge the trial court's original jurisdiction to impose sentence or (2) suggest that some postsentencing occurrence entitles him to immediate release from prison. We thus conclude that the trial court properly determined that Purnell was not entitled to *habeas corpus* relief.

### B. Postconviction Relief

Purnell next argues that the trial court erred by dismissing his petition after considering it as a postconviction petition but failing to determine whether it stated the gist of a constitutional claim. We disagree.

### 1. *Proceedings Under the Act*

Initially, we note that the trial court was mistaken in believing that it was required to consider Purnell's petition as a postconviction petition under *Sturgeon* because *Sturgeon* is no longer good law on that point.

■ In 1997, the General Assembly amended the Act through the passage of Public Act 89—609 (Pub. Act 89—609, § 5, eff. January 1, 1997 (1997 Ill. Laws 2675)). That amendment added subsection (d) to section 122—1 of the Act, which states as follows:

"A person seeking relief by filing a petition under this [s]ection must specify in the petition or its heading that it is filed under this [s]ection. A trial court that has received a petition complaining of a conviction or sentence that fails to specify in the petition or its heading that it is filed under this [s]ection need not evaluate the petition to determine whether it could otherwise have stated some grounds for relief under this [a]rticle." 725 ILCS 5/122—1(d) (West 1998).

Because Purnell's petition did not indicate in any way that he sought

relief under the Act, under the plain meaning of section 122—1(d), the trial court was not required to treat his petition as a postconviction petition.

The language of section 122—1(d) suggests that although a trial court need not evaluate a petition that does not specify it is being filed under the Act to determine whether it could otherwise have stated some grounds for relief under the Act, the court still has discretion to do so. However, that course of action is one a trial court should take only in unusual and compelling circumstances, none of which are present in this case.

Nevertheless, because the trial court here did take that course of action (albeit under the mistaken view that it was required), we will address the issue on the merits and review the trial court's determination that when considered as a postconviction petition, the petition was frivolous and patently without merit.

The Act provides a remedy to criminal defendants who have suffered substantial violations of their constitutional rights. 725 ILCS 5/122—1 (West 2000). Adjudication of a postconviction petition in a noncapital case involves a three-stage process. At the first stage of postconviction proceedings, the trial court determines whether the defendant's petition is frivolous or patently without merit. 725 ILCS 5/122—2.1(a)(2) (West 2000). A postconviction petition is frivolous or patently without merit if the allegations in the petition, taken as true and liberally construed, fail to present the gist of a constitutional claim. *People v. Leason*, 352 Ill. App. 3d 450, 453, 816 N.E.2d 747, 751 (2004).

Proceedings under the Act constitute a collateral attack on the underlying judgment permitting inquiries into issues that were not, and could not have been, adjudicated on direct appeal. *People v. Jones*, 211 Ill. 2d 140, 143-44, 809 N.E.2d 1233, 1236 (2004). The Act contemplates the filing of only one postconviction petition and issues raised in a successive postconviction petition will not be considered unless they satisfy the "cause and prejudice" test.

> "Pursuant to the cause and prejudice test, the defendant must show 'cause' for failing to raise the issue in a prior proceeding and actual 'prejudice' resulting from the claimed error. [Citation.] 'Cause' is defined as an objective factor external to the defense that impeded defense counsel's attempts to raise the claim in an earlier proceeding. [Citation.] 'Prejudice' is defined as an error so infectious to the trial proceeding that the resulting conviction violates due process. [Citation.]" *Leason*, 352 Ill. App. 3d at 453, 816 N.E.2d at 751.

## 2. *Purnell's Specific Claims on Appeal*

### a. Speedy Trial

Purnell first contends that his right to a speedy trial was violated when the State filed an amended information (count IV) more than 120 days after Purnell was in continuous custody (725 ILCS 5/103—5 (West 2002)). The State responds that Purnell has forfeited this argument by failing to raise it in his *habeas corpus* petition. We agree with the State.

■ Section 122—3 of the Act provides that "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." 725 ILCS 5/122—3 (West 2000)). Purnell's *habeas corpus* petition does not assert any claim that his right to a speedy trial had been violated. We thus conclude that he has forfeited this claim for purposes of appeal. See *People v. Thompson*, 335 Ill. App. 3d 1027, 1030, 782 N.E.2d 946, 948 (2003).

Moreover, the Act permits defendants to petition for relief when their conviction or sentence resulted from a substantial denial of state or federal constitutional rights. 725 ILCS 5/122—1 (West 2000). Purnell bases his speedy-trial argument on Illinois' speedy-trial statute (725 ILCS 5/103—5 (West 2000)) and thus does not state a claim of a substantial deprivation of constitutional rights that is cognizable under the Act. See *Thompson*, 335 Ill. App. 3d at 1029, 782 N.E.2d at 948.

### b. Forfeiture

■ Purnell next contends that the trial court erred by finding that the constitutional claims raised in his petition were barred by principles of forfeiture. Purnell concedes that he did not raise these claims in his initial postconviction petition. He argues, however, that because the proceedings on his initial petition were fundamentally deficient, his claims have not been waived. Specifically, Purnell contends that those proceedings were deficient because (1) the trial court failed to consider whether his claims stated the gist of a constitutional claim and instead dismissed the petition upon concluding that the claims were barred because they could have been brought on direct appeal and (2) under *People v. Boclair*, 202 Ill. 2d 89, 98, 789 N.E.2d 734, 739 (2002), procedural forfeiture cannot form the basis for dismissal at the first stage of postconviction proceedings. Thus, according to Purnell, if the trial court had not erroneously dismissed his petition at the first stage, it would have appointed postconviction counsel, and counsel would have amended his petition to raise the claims he has ultimately raised in the *habeas corpus* petition now before us.

We reject Purnell's contention that the proceedings on his initial postconviction petition were fundamentally flawed under *Boclair* for two reasons. First, the trial court dismissed Purnell's initial postconviction petition in May 2001, before *Boclair* was decided, and *Boclair* does not apply retroactively. See *People v. Britt-El*, 206 Ill. 2d 331, 343, 794 N.E.2d 204, 211 (2002) (holding that the defendant's initial 1996 postconviction petition was dismissed in accordance with the controlling case law at the time and *Boclair* does not apply retroactively). Second, the trial court based its decision to dismiss Purnell's initial postconviction petition on forfeiture and *res judicata* in reliance on the controlling case law at the time. See *People v. Salazar*, 162 Ill. 2d 513, 520, 643 N.E.2d 698, 702 (1994) (stating that the supreme court would not have reviewed the defendant's postconviction claim—which he had not raised on direct appeal—but for the fact that the defendant based his argument on being denied effective assistance of appellate counsel).

We further conclude that the trial court did not err by dismissing Purnell's successive petition because he could not satisfy the cause and prejudice test. In *Leason*, 352 Ill. App. 3d at 454, 816 N.E.2d at 752, the defendant claimed that he satisfied the cause requirement of the cause and prejudice test because the case that established the legal predicate for his claim was not decided until after his first postconviction petition was filed. The First District rejected that argument, stating that "the lack of precedent for a position differs from 'cause' for failing to raise an issue, and a defendant must raise the issue, even when the law is against him, to preserve it for review." *Leason*, 352 Ill. App. 3d at 454, 816 N.E.2d at 752. Thus, Purnell cannot base his claim of cause on the fact that *Boclair* had not been decided at the time he filed his initial postconviction petition.

We further note that although Purnell relies on *Boclair*, the issue presented here is more squarely addressed by *Britt-El*. In that case, the petitioner argued that the trial court should have considered the merits of his second postconviction petition (which raised some claims not included in his initial petition) because his initial postconviction petition was wrongfully dismissed at the first stage for being untimely filed. *Britt-El*, 206 Ill. 2d at 336-37, 794 N.E.2d at 208. The supreme court (1) rejected that argument, (2) discerned "no reason" why the defendant's new claims could not have been raised in his first petition, and (3) declined to apply *Boclair* retroactively. *Britt-El*, 206 Ill. 2d at 338-43, 794 N.E.2d at 209-11. As the First District wrote in *People v. Smith*, 341 Ill. App. 3d 530, 538, 794 N.E.2d 367, 376-77 (2003), "*Britt-El* squarely permits the first-stage dismissal of a successive postconviction petition on the basis of waiver." The *Smith* court then

532

explored the bases for applying a different standard to initial and successive postconviction petitions.

In light of this precedent, we conclude that the trial court did not err by dismissing Purnell's *habeas corpus* petition when it considered the petition under the Act and determined that Purnell's constitutional claims were barred by principles of forfeiture.

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

McCULLOUGH and KNECHT, JJ., concur.