No. 3-05-0122

_____

Filed February 16, 2006.
IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2006

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) ) | Appeal from the Circuit Court for the 12th Judicial Circuit |
| Plaintiff-Appellee, | ) ) | Will County, Illinois |
| v. | ) ) | No. 99-CF-189 |
| CHRISTOPHER B. McDONALD, | ) ) ) | |
| Defendant-Appellant. | ) ) ) ) | Honorable Stephen D. White, Judge, Presiding |

_____

JUSTICE O'BRIEN delivered the opinion of the court:
_____

_____

Defendant Christopher McDonald appeals from the trial court's order dismissing his motion

to reconsider the summary dismissal of his second postconviction petition and summarily dismissing

his amended second postconviction petition. We affirm the trial court.

FACTS

Following a jury trial, defendant Christopher McDonald was found guilty of first degree

murder (720 ILCS 5/9-1(a)(2) (West 1998)), two counts of aggravated battery with a firearm (720

ILCS 5/12-4.2(a) (1) (West 1998)), aggravated discharge of a firearm (720 ILCS 5/24-1.2 (West

1998)), and unlawful use of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 1998)). McDonald

was sentenced to a total of 50 years' imprisonment. This court affirmed McDonald's conviction in

People v. McDonald, 322 Ill. App. 3d 244, 749 N.E.2d 1066 (2001). McDonald filed a *pro se* postconviction petition which was summarily dismissed by the trial court. The trial court's order was affirmed by this court in a Rule 23 order, People v. McDonald, 3-02-0650, August 29, 2003.

McDonald filed a successive (second) postconviction petition on July 26, 2004. In his second petition, McDonald alleged due process violations; that his legs were shackled during the trial although the trial judge made no findings warranting shackling; that he was forced to testify while in shackles; and that his trial counsel failed to object to the shackling. This petition was summarily dismissed by the trial court as frivolous and without merit on September 15, 2004. On October 6, 2004, McDonald filed a motion to reconsider the summary dismissal of the July 26 petition. On October 13, 2004 McDonald filed an amended second postconviction petition with affidavits attached. The amended petition contained the allegations of the second petition with the additional allegation that the jury had observed McDonald shackled and that the successive petition satisfied the cause-and-prejudice test because McDonald became aware that his rights were violated only after this court issued the opinions in People v. Doss, 347 Ill. App. 3d 418, 807 N.E.2d 697 (2004) and People v. Martinez, 347 Ill. App. 3d 1001, 808 N.E.2d 1089 (2004). On December 20, 2004 the trial court denied McDonald's motion for reconsideration of the dismissal of the second postconviction petition and summarily dismissed as frivolous and without merit the amended second postconviction petition. Appellate counsel was appointed for McDonald and he follows with this appeal.

## ANALYSIS

On appeal, McDonald argues the trial court erred in summarily dismissing his

second postconviction petition at the first stage of the postconviction proceedings because the petition adequately alleged the gist of a meritorious constitutional claim. Despite the absence of any indication in the record that he was shackled, McDonald asserts as evidence of this fact that the standard operating procedure of the Will County sheriff's department was to shackle felony defendants. He bases this assertion on a statement from People v. Allen, in which the court made a reference to the Will County sheriff's department's standard operating procedure of forcing all felony defendants in custody to wear a stun belt when appearing in court. People v. Allen, 354 Ill. App. 3d 442, 444, 821 N.E.2d 336, 337 (2004).

The Post-Conviction Hearing Act (the Act) (725 ILCS 5/122 *et seq.* (West 2002)) provides a three-stage process for the adjudication of postconviction petitions. People v. Boclair, 202 Ill. 2d 89, 99, 789 N.E.2d 734, 740 (2002). At the first stage, the circuit court determines whether the petition is "frivolous or is patently without merit." 725 ILCS 5/122-2.1(a) (2) (West 2002); Boclair, 202 Ill. 2d at 99, 789 N.E.2d at 740. At this summary review stage, the circuit court is required to make an independent assessment whether the allegations in the petition, liberally construed and taken as true, set forth the gist of a constitutional claim. Boclair, 202 Ill. 2d at 99-100, 789 N.E.2d at 740-41. If the petition is found to be frivolous or patently without merit, the court shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision to dismiss the petition. 725 ILCS 5/122-2.1(a)(2) (West 2002). Trial courts may summarily dismiss postconviction petitions as frivolous and patently without merit based on both *res judicata* and waiver. People v. Blair, 215 Ill. 2d 427, 442, 831 N.E.2d 604, 614 (2005). Where a petitioner has previously taken a direct appeal from a judgment of conviction, the judgment of the court of review is *res judicata* as to all issues that were actually decided by the court. People v. Flores, 153 Ill. 2d

264, 274, 606 N.E.2d 1078, 1083 (1992). Any other claims that could have been presented to the court of review, if not presented, are waived. Flores, 153 Ill. 2d at 274, 606 N.E.2d at 1083.

Further, a ruling on an initial postconviction petition has *res judicata* effect with respect to all claims that were raised or could have been raised in the petition. Flores, 153 Ill. 2d at 274, 606 N.E.2d at 1083. Section 122-3 of the Act provides that any claim of a substantial denial of a constitutional right not raised in a defendant's original postconviction petition is waived. 725 ILCS 5/122-3 (West 2002); People v. Pitsonbarger, 205 Ill. 2d 444, 456, 793 N.E.2d 609, 620-21 (2002) (stating that in the context of a successive postconviction petition, the procedural bar of waiver is not merely a principle of judicial administration; it is an express requirement of the statute). Successive petitions elicit unique policy considerations that are not implicated by the filing of the first petition. People v.Smith, 341 Ill. App. 3d 530, 538, 794 N.E.2d 367, 376 (2003). There is less interest in providing a forum for the vindication of a defendant's constitutional rights in a successive proceeding because the defendant has already been afforded an opportunity to raise such allegations in his first petition. Smith, 341 Ill. App. 3d at 538, 794 N.E.2d at 376-77.

A narrow exception to the rule prohibiting successive postconviction petitions holds that a claim presented in a successive petition may be considered when the proceedings on the initial petition were "'deficient in some fundamental way.'" People v. Britt-El, 206 Ill. 2d 331, 339, 794 N.E.2d 204, 209 (2002), quoting Flores, 153 Ill. 2d at 273-74. To determine whether the procedural hurdle to filing successive postconviction petitions should be lowered as required by fundamental fairness, a court reviews the claim within the petition under a "cause and prejudice" test. Smith, 341 Ill. App. 3d at 535, 794 N.E.2d at 374. The cause-and-prejudice test is itself a policy used in the interest of finality to narrow the window of opportunity to present successive postconviction

4

petitions. See Smith, 341 Ill. App. 3d at 539, 794 N.E.2d at 377. It is the defendant's burden to demonstrate both cause and prejudice for each claim raised in his successive petition. Smith, 341 Ill. App. 3d at 536, 540, 794 N.E.2d at 374, 378.

Cause is defined as an objective factor, external to the defense, that impeded the defendant's effort to raise the claim in an earlier proceeding. Smith, 341 Ill. App. 3d at 535-36, 794 N.E.2d at 374. Cause may include a showing that a constitutional claim is so novel that its legal basis was not reasonably available to defendant's counsel. Pitsonbarger, 205 Ill. 2d at 461, 793 N.E.2d at 622. Prejudice is defined as "'an error which so infected the entire trial that the resulting conviction violates due process.'" Britt-El, 206 Ill. 2d at 339, 794 N.E.2d at 209, quoting People v. Jones, 191 Ill. 2d 194, 199 (2000). Other than meeting the requirements of the cause and prejudice test, a defendant will be excused for a failure to raise a claim in an earlier petition only if necessary to prevent a fundamental miscarriage of justice. Smith, 341 Ill. App. 3d at 536, 794 N.E.2d at 374. When a case does not involve the death penalty, to show a fundamental miscarriage of justice, a defendant must show actual innocence. Smith, 341 Ill. App. 3d at 536, 794 N.E.2d at 374.

In the instant case, McDonald does not claim actual innocence in his successive petition; therefore, the claims raised in his second and amended second petition must be considered waived unless application of the cause and prejudice test indicates otherwise. McDonald asserts that the cause prong of the test is satisfied because until he read this court's decisions in Martinez and Doss, he assumed that shackling of felony defendants was legal. See People v. Doss, 347 Ill. App. 3d 418, 807 N.E.2d 697 (2004); People v. Martinez, 347 Ill. App. 3d 1001, 808 N.E.2d 1089 (2004) (a direct appeal taking issue with the use of a stun belt on the defendant during trial). McDonald acknowledges that as early as 1977, in the case of People v. Boose, the supreme court stated that

shackling of an accused had been held an undesirable practice unless the trial judge found such a restraint reasonably necessary to maintain order. People v. Boose, 66 Ill. 2d 261, 265-66, 362 N.E.2d 202, 305 (1977). In Doss, this court concluded that the trial court's statement that the judge believed the jurors could not see the shackles, as their view was obstructed by a table, was insufficient under Boose to satisfy the requirement that the trial court find compelling reason to shackle the defendant during trial. Doss, 347 Ill. App. 3d at 428, 807 N.E.2d at 705.

The existence of the rulings in Doss and Martinez do not support McDonald's assertion that he was impeded in raising the issue of shackling in his earlier postconviction petition. The rulings of Doss and Martinez do not involve novel legal analysis. Although the use of stun belts may be relatively new, the guidelines and rationale the courts use to address the potential for stun belt abuse are the same principles used to safeguard against the abuse of shackling. See Martinez, 347 Ill. App. 3d at 1003-04, 808 N.E.2d at 1091-92. Furthermore, McDonald does not allege he was subjected to a stun belt. As McDonald acknowledges, the use of shackles on a defendant during trial is an issue that has been raised in previous cases. Even if the issue lacked precedent, the lack of precedent in itself is not the same as cause for failing to raise an issue. People v. Purnell, 356 Ill. App. 3d 524, 531, 825 N.E.2d 1234, 1240 (2005) (stating that even if the law is against him, the defendant must raise the issue to preserve it for review). McDonald has failed to meet his burden of showing he was prevented by some objective external factor from presenting his claims in an earlier proceeding. For this reason, he has waived the right to bring the claims in a successive petition, and the trial court's summary dismissal of the petition was not error.

For these reasons the judgment of the circuit court of Will County is affirmed.

Affirmed.

HOLDRIDGE and SLATER, JJ., concur.