NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 180413-U

NO. 4-18-0413

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Adams County |
| ROGER L. PARKER, | ) | No. 14CF131 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Robert K. Adrian, |
| | ) | Judge Presiding. |

_____

JUSTICE HARRIS delivered the judgment of the court.
Justices Cavanagh and Holder White concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court properly denied defendant's motion for leave to file a successive postconviction petition.

¶ 2    In March of 2018, defendant, Roger L. Parker, *pro se* filed a motion for leave to file a successive postconviction petition, which the trial court denied. Defendant appeals, arguing we must remand his case to the trial court because the court erred in denying his motion for leave to file a successive postconviction petition without first finding whether defendant established cause and prejudice. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4    On February 28, 2014, the State charged defendant with aggravated battery (720 ILCS 5/12-3.05(c) (West 2012)), intimidation (*id.* § 12-6(a)(1)), and resisting a peace officer (*id.*

§ 31-1(a)). Following a jury trial, defendant was found guilty of all three charges. In October of 2014, defendant was sentenced to 30 months' probation and ordered to pay certain fines and fees.

¶ 5       On December 18, 2014, we allowed defendant to file a late notice of appeal. On review, defendant argued the trial court erred in imposing a $473 sheriff's fee. Defendant did not raise any other issues on appeal. In 2017, we affirmed the imposition of the sheriff's fee.

¶ 6       Also in December of 2014, the State filed a petition to revoke defendant's probation, which the trial court granted. The court subsequently sentenced defendant to, *inter alia*, four years in prison.

¶ 7       On October 26, 2016, defendant *pro se* filed a petition for postconviction relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2014)). In defendant's petition, he alleged he "was denied his right to the effective assistance of trial counsel [because] defense counsel failed *** to call as witnesses two people who could have corroborated [his] innocence." On December 16, 2016, defendant filed an amended petition for postconviction relief in which he again alleged defense counsel provided ineffective assistance of counsel by failing to call certain witnesses at his trial. The trial court subsequently dismissed defendant's postconviction petition, finding defendant's claims were "frivolous and without merit."

¶ 8       On March 1, 2018, defendant *pro se* filed a successive postconviction petition. Defendant also filed a motion for leave to file the successive postconviction petition. In defendant's petition, he alleged his defense counsel provided ineffective assistance by "not allowing defense witness[es] *** to testify on [his] behalf," "not objecting to [an] altered video entered as evidence and the perjured testimony of [the state's attorney]," and failing to "file[ ] a 'motion to consider different judge' *** due to [a] previous conflict with [the] trial judge." Defendant also alleged he had received ineffective assistance from his appellate counsel because

that attorney failed to "rais[e] constitutional violations such as ineffective trial att[orney] among other issues." In defendant's motion for leave to file his successive postconviction petition, he stated:

> "There is cause for my failure to bring the claim[s] contained in the current petition in my previous petition, appellate attorney was ineffective for not challenging any aspect of my conviction other than fee(s) levied, including the ineffectiveness of trial counsel. (These objective factors did in fact 'impede' my ability to raise the included claim(s) within the previous postconviction).

> There is prejudice resulting from the failure to bring the claim[s] earlier, because the claim[s] so infected my judgment of conviction that my conviction or sentence violated due process, again by trial counsel not representing me to afford due process, and appellate counsel neglecting to raise issues surrounding conviction."

¶ 9    On May 21, 2018, the trial court denied defendant's motion for leave to file a successive postconviction petition. The court found:

> "[Defendant] failed to provide any indication as [to] the testimony of the witnesses he wanted the attorney to call. Nor does [defendant] provide any evidence as to his complaint about the video or his prior conflict with the trial [j]udge. These matters are not apparent from a review of the record. As such[,] this [c]ourt cannot evaluate the merits of [defendant's] claims of ineffective assistance of trial counsel or appellate counsel. Therefore, [defendant's] [m]otion [f]or [l]eave to file a [s]uccessive [p]etition [f]or [p]ost[][c]onviction [r]elief is denied."

¶ 10    This appeal followed.

¶ 11                                    II. ANALYSIS

¶ 12            On appeal, defendant argues we must remand his case to the trial court because the court erred in denying his motion for leave to file a successive postconviction petition without first finding whether defendant established cause and prejudice.

¶ 13            "The Act provides a procedural mechanism in which a convicted criminal can assert that there was a substantial denial of his or her rights under the Constitution of the United States or the State of Illinois or both, in the proceedings that resulted in his or her conviction." *People v. Gayden*, 2020 IL 123505, ¶ 39. A defendant commences a postconviction proceeding under the Act by filing a petition for relief in the trial court. 725 ILCS 5/122-1(b) (West 2014). Once a postconviction petition is filed, it undergoes a three-stage adjudication process. *People v. Harris*, 224 Ill. 2d 115, 125, 862 N.E.2d 960, 967 (2007).

¶ 14            "The Act contemplates the filing of only one postconviction petition ***." *People v. Bailey*, 2017 IL 121450, ¶ 15, 102 N.E.3d 114. The Act provides, "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." 725 ILCS 5/122-3 (West 2014)). However, section 122-1(f) of the Act provides an exception to the general waiver rule. That section states that additional postconviction petitions may be filed "with[ ] leave of court." *Id.* § 122-1(f). Leave of court to file a successive postconviction petition may be granted "only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure." *Id.* To demonstrate cause to file a successive postconviction petition, a defendant must "identify[ ] an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings." *Id.* Our supreme court has explained that an "objective factor" is "external to the defense." *People v. Ortiz*, 235 Ill. 2d 319, 329, 919 N.E.2d 941, 947 (2009). To

establish prejudice, a defendant must "demonstrate[ ] that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." 725 ILCS 5/122-1(f) (West 2014). Leave of court to file a successive petition should only be granted where a defendant establishes both prongs of the cause and prejudice test with respect to each claim raised. *People v. Davis*, 2014 IL 115595, ¶ 14, 6 N.E.3d 709; *People v. Britt-El*, 206 Ill. 2d 331, 339, 794 N.E.2d 204, 209 (2002).

¶ 15    We review the trial court's denial of a defendant's motion for leave to file a successive postconviction petition *de novo* (*People v. Shotts*, 2015 IL App (4th) 130695, ¶ 66, 33 N.E.3d 313) and may affirm the court's judgment on "any basis supported by the record if the judgment is correct." (Internal quotation marks omitted.) *People v. Green*, 2012 IL App (4th) 101034, ¶ 30, 970 N.E.2d 101. Accordingly, and despite defendant's contention to the contrary, so long as the court's denial of defendant's motion for leave to file a successive postconviction petition was proper, we may affirm the court's judgment without regard to the justifications, if any, given by the court for entering its judgment. See *People v. Anderson*, 401 Ill. App. 3d 134, 138, 929 N.E.2d 1206, 1210 (2010) ("We review the trial court's judgment, not the reasons cited ***.").

¶ 16    In the present case, we find the trial court's denial of defendant's motion for leave to file a successive postconviction petition was proper because defendant failed to demonstrate cause for his failure to bring his claims in his initial postconviction proceedings. Defendant clearly failed to demonstrate cause relating to his claims of ineffective assistance of trial counsel. As an initial matter, we note defendant's claim relating to his trial counsel's failure to call certain witnesses was raised in his initial postconviction petition and deemed meritless. Therefore, defendant cannot establish cause with respect to that claim. See *People v. Conway*, 2019 IL App

(2d) 170196, ¶ 25, 139 N.E.3d 71 ("There can be no cause for failing to raise a claim in the initial proceeding when the claim was, in fact, raised in that proceeding."). Additionally, in defendant's motion for leave to file a successive postconviction petition, defendant only attempted to demonstrate cause for his failure to raise his claim of ineffective assistance of appellate counsel in his initial petition. Defendant's motion lacks any explanation for his failure to raise his claims of ineffective assistance of trial counsel, all of which relate to defense counsel's conduct during his trial, in his initial postconviction petition. Because defendant was required to demonstrate cause with respect to each claim raised in his successive postconviction petition (see *Britt-El*, 206 Ill. 2d at 339), the trial court's denial of defendant's motion to file a successive petition was proper with respect to defendant's claims of ineffective assistance of trial counsel.

¶ 17        Although defendant did attempt to demonstrate cause for his failure to include his claim of ineffective assistance of appellate counsel in his initial postconviction petition, he has failed to establish that an objective factor impeded his ability to raise that claim earlier. *People v. Harris*, 224 Ill. 2d 115, 862 N.E.2d 960 (2007) is instructive. In that case, our supreme court noted that a defendant who, due to the statute of limitations, was forced to file his initial postconviction petition before his appellate brief could, in a successive postconviction petition, establish cause for his failure to raise a claim of ineffective assistance of appellate counsel in his initial petition. *Id.* at 134. However, the court distinguished a defendant who had to file his initial postconviction petition before the statute of limitations expired from a defendant who "simply chooses to file a petition while the direct appeal is pending but is not forced to do so by the statute of limitations," explaining the two defendants "would be in a very different position." *Id.* at 134 n.4. The court concluded, in the latter case, the defendant's ability to raise a claim of ineffective assistance of appellate counsel in his initial postconviction petition would not be impeded by an objective factor,

but by the defendant's "voluntary decision to file the petition early." *Id.*

¶ 18 In the present case, defendant elected to file his initial postconviction petition on October 26, 2016, during the pendency of his direct appeal and long before he was required to file the petition by the statute of limitations. See 725 ILCS 5/122-1(c) (West 2014). Thus, defendant's voluntary decision, and not an external objective factor, impeded his ability to raise his claim of ineffective assistance of appellate counsel in his initial petition.

¶ 19 For the reasons stated, defendant failed to establish cause for the filing of his successive petition. In light of defendant's failure to demonstrate cause, we need not address whether he demonstrated prejudice. See *Davis*, 2014 IL 115595, ¶ 14. Accordingly, we affirm the court's order denying the defendant's motion for leave to file a successive postconviction petition.

¶ 20 III. CONCLUSION

¶ 21 For the reasons stated, we affirm the trial court's judgment.

¶ 22 Affirmed.