No. 3--03--0368

______________________________________________________________________________

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2004

 ) 

PEOPLE OF THE STATE OF ) Appeal from the Circuit Court

ILLINOIS ) for the 12th Judicial Circuit,

) Will County, Illinois

Plaintiff-Appellee, ) 

) No.  02--CF--1704

)

) 

 ) Honorable Daniel J. Rozak

PERI ALLEN, ) Judge, Presiding 

)

Defendant-Appellant.     )

______________________________________________________________________________

JUSTICE McDADE delivered the opinion of the court:

______________________________________________________________________________

The defendant, Peri Allen, appeals from his conviction for burglary in the circuit court of Will County.  The sole issue on appeal is whether it was error for the defendant to be forced to wear an electronic security belt as a restraining device at trial.  The defendant urges the court to find error and remand his case for a new trial.  For the following reasons, we find that it was error for the defendant to be restrained absent an explicit finding of necessity pursuant to 
People v. Boose
, 66 Ill. 2d 261, 362 N.E.2d 303 (1977), and reverse and remand for a new trial. 

FACTS

The State’s brief initially claims that the record is insufficient to show that the defendant was forced to wear a stun belt.  The trial record reveals that after defense counsel noticed and asked about a bulge underneath the defendant’s shirt, the court stated: "[t]hat’s a security device.  The deputy has control of it.  He does not have shackles on.  He does not have handcuffs on.  He is in custody and he is restrained in no 
other
 manner whatsoever, so for security purposes we keep that on him.  It is out of view of the jurors.  At this time it has been out of view."  (emphasis added).  

Despite the fact that the trial court never refers to the "security device" as an electronic stun belt, we feel confident in our assessment that it was indeed that type of restraining device.  The State alleges that it is pure conjecture that the defendant was wearing the belt.  We believe, however, that it is reasonable to conclude that it was a stun belt.  This is especially so since the State, not long ago, asked this court to validate the Will County Sheriff’s Department’s "standard operating procedure" of forcing all felony defendants in custody to wear a stun belt while appearing in court.  See 
People v. Martinez
, 347  Ill. App. 3d 1001, 1003, 808 N.E.2d 1089, 1090 (2004).  In addition, there are two other cases pending before this court involving the use of electronic stun belts in Will County.  
People v. Reyes
, No. 3-02-0482, and 
People v. Johnson
, No. 3-02-0402.  The State does not suggest what the bulging security device under the defendant’s shirt might have been other than a stun belt.

In any event, the lack of an explicit description of the device on the record will not prevent us from reviewing the issue.  Even if we were to find 
the record 
insufficient to show that he was wearing a stun belt, the record is undoubtedly sufficient to show that he was wearing some sort of restraining device.  Since 
Boose
 
 applies generally to the restraint of defendants in the courtroom, it would certainly apply 
to an unspecified "security device," controlled by a deputy, as long as the device was meant to restrain the defendant. 
Boose
, 66 Ill. 2d at 266, 362 N.E.2d at 305
.  That the device, whatever its nature, was meant to do just that is beyond debate, based on the record.  We now address the merits of the case.

The presumption of innocence is central to the administration of criminal justice.  In the absence of exceptional circumstances, an accused has the right to stand trial with the appearance, dignity and self-respect of a free and innocent person. 
In re Staley
, 67 Ill. 2d 33, 37, 364 N.E.2d 72, 73 (1977).
 
It jeopardizes the presumption's value and protection and demeans justice for an accused without clear cause to be required to stand in a courtroom in manacles or other restraints while he is being judged.  
Staley
, 67 Ill. 2d at 36, 364 N.E.2d at 73.  Furthermore, the restraint of the defendant should be avoided because it prejudices the defendant before the jury, hinders the ability of the defendant to participate in his own defense, and offends the dignity of the judicial process. 
Boose
, 66 Ill. 2d at 265, 362 N.E.2d at 305.
  

This is not to say  that there are no circumstances that require the restraint of an accused. 
 However, a defendant should only be shackled or otherwise restrained at trial upon a showing of manifest need for the restraint.  
Staley
, 67 Ill.  2d at 36, 364 N.E.2d at 73.  To determine whether restraint is appropriate, a court must consider the following factors: 1) the seriousness of the alleged offense, 2) the defendant’s temperament and character, 3) the defendant’s age and physical characteristics, 4) the defendant’s past record, 5) any past escapes or attempted escapes by the defendant, 6) evidence of a present plan of escape by the defendant 7) any threats by the defendant to harm others or create a disturbance, 8) evidence of self-destructive tendencies on the part of the defendant, 9) the risk of mob violence or of attempted revenge by others, 10) the possibility of rescue attempts by any co-offenders still at large, 11) the size and mood of the audience, 12) the nature and physical security of the courtroom, and 13) the availability of alternative remedies.  
Boose
, 66 Ill. 2d at 266-67, 362 N.E.2d at 305.
  
The decision whether to restrain the defendant at trial is left to the discretion of the trial judge and a new trial is only warranted if the judge abuses that discretion.  
Boose
, 67 Ill. 2d at 266, 362 N.E.2d at 305
 (1977).

In 
People v. Martinez
, we found that an electronic stun belt is no less a restraint than manacles or handcuffs.  We ruled that before a defendant may be restrained in such a manner, the trial court must determine whether restraint is necessary using the 
Boose
 factors.  The trial court in 
Martinez
 did not use the 
Boose
 factors in determining whether the restraint was necessary, but rather deferred to the Sheriff Department’s standard operating procedure that all felony defendants in the custody of the department should be restrained with a stun belt while appearing in court.  
Martinez
, 342 Ill. App. 3d at 1004, 808 N.E.2d at 1092.  We found that the trial court could not abdicate its responsibility to determine the measures necessary to assure courtroom security, and we reversed
.  
Martinez
, 342 Ill. App. 3d at 1005, 808 N.E.2d at 1092. 

We believe that 
Martinez
 is directly on point with respect to the substantive issue.  That is, the use of the belt is only justifiable if the court considered and applied the 
Boose
 factors in finding a necessity for restraint.  The trial court did not use the 
Boose 
factors in this case.  In fact, the record is devoid of any reasons why the defendant was required to be restrained.  According to
 Martinez
,
 
we must reverse the defendant’s conviction and remand for a new trial.  

However, this case features an additional element not present in 
Martinez
: the fact that the defendant in this case did not object to the restraint, while the defendant in 
Martinez
 objected vigorously.  
Martinez
, 342 Ill. App. 3d at 1003, 808 N.E.2d at 1090-91. The failure to object to alleged error at trial will ordinarily result in the waiver of the issue on appeal.  
People v. Enoch
, 122 Ill. 2d 176, 185-86, 522 N.E.2d 1124, 1129-30 (1988).  We must decide, then, whether the error here was so significant that it warrants plain error review. 

Review for plain error is appropriate when the evidence in a case is closely balanced or where the error is so fundamental and of such magnitude that the accused is denied a fair trial and remedying the error is necessary to preserve the integrity of the judicial process.  
People v. Johnson, 
208 Ill. 2d 53, 64, 803 N.E.2d 405, 411-12  (2003).  In addition, the court will review a case for plain error when the alleged error affects the defendant’s substantial rights.  (134 Ill. 2d R. 615(a)).  A substantial right has been denied when error has affected the proceedings to such a degree that we cannot confidently state that the defendant’s trial was fundamentally fair.  
People v. Keene
, 169 Ill. 2d 1, 31-32, 660 NE.2d 901, 916 (1995).

The issue of whether plain error exists in this case is governed by 
People v. Doss
, 347 Ill. App. 3d 418, 807 N.E.2d 697 (2004).  In that case, we found plain error, since the defendant was denied a fair trial because of the failure of the trial court to conduct the appropriate manifest need analysis before ordering the defendant to be shackled at trial.  
Doss
, 347 Ill. App. 3d at 428, 807 N.E.2d at 705.  We find that 
Doss
 controls here, and requires that we find plain error.  Since we also have found that 
Martinez
 requires reversal, we reverse the defendant’s conviction, and order a new trial.

CONCLUSION

We find that the trial court abused its discretion in requiring the defendant to wear a "security device" without an explicit analysis and finding of necessity, using the factors from 
People v. Boose
.  We further find that the defendant has adequately alleged plain error, which justifies review despite defendant’s failure to object below.  We, therefore, reverse the defendant’s conviction.  

Reversed.  

LYTTON, J., concurs.

HOLDRIDGE, P.J., partially concurs, partially dissents. 

PRESIDING JUSTICE HOLDRIDGE, concurring in part and dissenting in part:

I agree with the majority’s holding that it was error for the trial court to require the defendant to wear a security device without an explicit analysis and finding of necessity, using the factors from 
People v. Boose
.  However, I do not agree that the trial court’s error necessarily requires reversal of the defendant’s conviction or remand for a new trial.  

Rather, in a situation such as here, where the record is incomplete as to the trial court’s reasoning for physically restraining a defendant, I believe it would be appropriate to remand the matter to the trial court to conduct a hearing wherein the reasons in support of the decision to restrain the defendant may be stated and supported in the record.  

In a situation where the record is incomplete as to the trial court’s reasoning for physically restraining a defendant, it would be appropriate to remand the matter for a retrospective hearing where the reasons for physical restraint of the defendant could be fully articulated.  See, 
Childers v. State
, 782 So. 2d 513, 518 (2001) (no formal hearing on the use of physical restraints is necessary, but where there is a total lack of a record, the decision may be remanded for a hearing); See also, 
People v. Williams
, 36 App. Div. 2d 1018, 321 NYS 2d 463 (1971) (where the facts relevant to the needs of restraint of defendant are not sufficiently developed at trial, a post-trial hearing should be held on that issue); 
People v. Reingold
, 44 App. Div. 2d 191, 353 NYS 2d 978 (1974) (post-trial hearing must be had, wherein evidence should be presented for the record regarding reasons for restraining the defendant).  

I would remand for a hearing to determine whether a decision to restrain the defendant was appropriate under the factors articulated in 
Boose
.  I therefore dissent from the portion of the disposition that reverses the defendant’s conviction.