No. 3-03-0604

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2005

PEOPLE OF THE STATE OF ILLINOIS,

Plaintiff-Appellee,

v.

CHANCE T. BROWN,

Defendant-Appellant.

)

)

)

)

)

)

)

)

)

)

)

Appeal from the Circuit Court

of the 12th Judicial Circuit Will County, Illinois

No. 00-CF-1857

Honorable

Daniel J. Rozak,

Judge, Presiding

_________________________________________________________________

JUSTICE LYTTON delivered the opinion of the court

_________________________________________________________________

Defendant, Chance T. Brown, was indicted for the offense of unlawful possession of a controlled substance with intent to deliver in violation of section 401 of the Controlled Substances Act. 720 ILCS 570/401 (a)(2)(B) (West 2002).  Following a jury trial, defendant was found guilty and sentenced to 12 years in the Illinois Department of Corrections.  Defendant appeals and we affirm in part, reverse in part, and remand for a new trial.

On November 5, 2000 a video store in Joliet was robbed at gunpoint.  An employee gave police a description of the robber, which was distributed to motel clerks in the area of the robbery.  One motel clerk saw defendant and thought he matched the description of the armed robber.  She called police who arrived at the motel just as defendant was driving away.

Police officers stopped defendant, ordered him out of the car and handcuffed him until the eyewitness to the armed robbery could be brought to the scene.  While waiting for the witness, police officers saw an electronic scale with a white powdery substance on it on the front seat of defendant's car.  Police also discovered a bag of cannabis and $1,080.00 in defendant's pocket.  The witness from the armed robbery arrived and told police that defendant was not the person who robbed the store.  Defendant was arrested for possession of a controlled substance with intent to deliver and possession of cannabis.

Prior to the start of the trial defendant moved to quash the arrest and suppress the evidence seized as a result.  The motion was denied.  The State dismissed the possession of cannabis count, and defendant proceeded to trial on the possession with intent to deliver count.  The trial court ordered defendant's handcuffs removed, but instructed that defendant's leg shackles could remain on him because the desk where defendant sat was skirted, and the jury could not see the shackles.  Defendant did not object to the shackles.

Defendant was convicted and sentenced to 12 years imprisonment.  On appeal, defendant argues that the trial court erred in denying his motion to quash the arrest and suppress the evidence, and that he was denied a fair trial by the trial court's order that he remain shackled.

Defendant argues that the stop constituted an arrest, which was improper because the police lacked probable cause to arrest him.  Whether a stop becomes an arrest depends on the length of time the defendant is detained and the scope of the investigation following the stop. 
People v. Shick
, 318 Ill. App. 3d 899, 904 (2001).  Police may detain a suspect long enough for an eyewitness to identify or clear him without turning an investigatory stop into an arrest. 
People v. Ross
, 317 Ill. App. 3d 26, 31 (2000). 

Here, defendant was initially detained only long enough for an eyewitness to arrive.  Before the eyewitness arrived police officers saw the electronic scale and white powdery substance on the front seat of the car.  At that point the police had probable cause to arrest defendant for possession of a controlled substance with intent to deliver. 
People v. Walters
, 256 Ill. App. 3d 231, 236 (1994).

Alternatively, defendant argues that his detention was an improper investigatory stop.  He contends that the police could not rely on the motel clerk's identification because defendant weighs 153 pounds while the armed robbery suspect was described as weighing 230 pounds.  

If a police officer has knowledge of specific articulable facts that create a reasonable suspicion that a person has committed a crime, the officer may briefly stop and detain the person to make reasonable inquiries. 725 ILCS 5/107-14 (West 2002); 
People v. Love
, 199 Ill. 2d 269, 275 (2002).  An officer can rely on information provided by a third party, and a description from an eyewitness is given particularly great weight in determining whether an officer has a reasonable suspicion to justify a stop. 
City of Naperville v. Schiavo
, 327 Ill. App. 3d 230, 233-34 (2002).  Here, defendant was stopped because a motel clerk told police he matched the description of the armed robbery suspect provided by an eyewitness.  Based on this information the police officer had a reasonable articulable suspicion that defendant was the armed robbery suspect.

It is irrelevant that, upon arriving at the scene, the eyewitness told police that defendant was not the armed robber, or that defendant did not weigh as much as the armed robber according to the description.  We do not consider the facts surrounding the stop with analytical hindsight, but from the perspective of a reasonable officer under the circumstances of the situation. 
Love
, 199 Ill. 2d at 276.  The eyewitness description, coupled with the identification by the motel clerk, provided the police officer with sufficient articulable facts to create a suspicion that defendant had committed the armed robbery.

Although the stop was proper, we must reverse the conviction and remand for a new trial because the trial court erred by not holding a hearing on the need for shackles at trial.  See 
People v. Boose
, 266 Ill. 2d 261 (1977).  The State argues that defendant has waived the issue because he did not object to the shackles at trial.  However, we have held that shackling defendants without a 
Boose
 hearing constitutes plain error, and is not subject to waiver. 
People v. Doss
, 347 Ill. App. 3d 418, 428 (2004).  

A defendant may not be shackled during trial unless the trial court first conducts a hearing, outside the presence of the jury, to determine whether there is a manifest need for shackles. 
People v. Boose
, 66 Ill. 2d at 265-66.  Shackling is disfavored because "(1) it tends to prejudice the jury against the accused; (2) it restricts his ability to assist his counsel during trial; and (3) it offends the dignity of the judicial process." 
Boose
, 66 Ill. 2d at 265.  If the trial court determines that the defendant should be shackled, the reasons supporting the decision must appear in the record. 
Boose
, 66 Ill. 2d at 267.  Here, the only reason given for shackling defendant's legs was that the jury would not be able to see them.  However, jury prejudice is only one reason  shackles are disfavored, and is insufficient by itself to justify their use. See 
In re Staley
, 67 Ill. 2d 33, 37 (1977).  Thus, defendant's conviction must be reversed and the cause remanded for a new trial.

CONCLUSION

The judgment of the circuit court of Will County is affirmed in part, reversed in part and the cause remanded for a new trial.

Affirmed in part, reversed in part and remanded.

O'BRIEN, J., concurring and SCHMIDT, J., partially concurring/partially dissenting.

     JUSTICE SCHMIDT, concurring in part and dissenting in part:

Because I would affirm the trial court in its entirety, I dissent from that portion of the opinion which holds that it was plain error to require shackles in this case.

The majority cites 
People v. Doss
, 347 Ill. App. 3d 418, 807 N.E.2d 697 (2004), for the proposition that the shackling of a defendant without a 
Boose
 hearing always constitutes plain error which is not subject to waiver.  This is an improper reading of 
Doss
.  
Doss
 did not hold that it is always plain error to shackle a defendant without a 
Boose
 hearing.  Rather, the shackling issue was reviewed under the plain error doctrine because we found the evidence closely balanced.  
Doss
 involved a "he said, she said" case where the defendant's conviction rested upon the identification by the victim only.  The defendant denied that it was he who committed the crime.  To the extent that the 
Doss
 opinion can be read to stand for the proposition that shackling of the ankles without a 
Boose
 hearing is always reversible error, that can be laid on the shoulders of the relatively new and inarticulate appellate judge who authored the opinion.

If shackling, 
ipso facto
,
 
deprives defendant of a fair trial, how can a few magic words by a trial judge at a hearing outside the jury's presence change that?  It strikes me as illogical to say that the shackling of a defendant without a 
Boose 
hearing is always plain error regardless of the facts of the case.  If the shackling is so prejudicial that it deprives the defendant of a fair trial, then that effect cannot be altered by the mere fact that a trial judge chanted a few magic words at a hearing.  Of course, our Illinois Supreme Court has never said that shackling always deprives the defendant of a fair trial.  

The evidence in this case is not closely balanced.  Therefore, I find this case inappropriate for plain error review.  Any claim of error was waived by defendant.  I respectfully dissent from that portion of the opinion which reverses and remands the matter for a new trial.