831 N.E.2d 676 (2005)
358 Ill. App.3d 529
294 Ill.Dec. 726
The PEOPLE of the State of Illinois, Plaintiff-Appellee,
v.
Alfred BUCKNER, Defendant-Appellant.
No. 3-03-0611.
Appellate Court of Illinois, Third District.
June 13, 2005.
*677 Fletcher P. Hamill (Court-appointed), Office of the State Appellate Defender, Ottawa, for Alfred Buckner.
Lawrence M. Bauer, Deputy Director, Office of the State Appellate Defender, Ottawa, Jeff Tomczak, Will County State's Attorney, Joliet, Terry A. Mertel, State's Attorneys Appellate Prosecutor, Ottawa, for the People.
Justice HOLDRIDGE delivered the Opinion of the court:
The defendant, Alfred Buckner, was convicted of burglary (720 ILCS 5/19-1(a) (West 2002)) and sentenced to six years' imprisonment. On appeal, the defendant argues that the trial court erred in ordering him to wear an electronic security belt as a restraining device without first making a finding of necessity pursuant to People v. Boose, 66 Ill.2d 261, 5 Ill.Dec. 832, 362 N.E.2d 303 (1977). The defendant asks this court to remand his case for a new trial. While we find that the trial court erred in failing to conduct a Boose analysis, we do not order a new trial. Rather, we remand this case to the trial court for a posttrial hearing on the decision to restrain the defendant.

I. BACKGROUND
On June 12, 2002, the defendant was charged with one count of burglary. On March 31, 2003, the defendant's jury trial began. Just before voir dire, the trial judge ordered the courtroom deputy to *678 remove the defendant's handcuffs and shackles. However, the judge also noted that the defendant's electronic security belt would remain in place.
Following the presentation of evidence and closing arguments, the jury found the defendant guilty. The trial court then sentenced the defendant to six years' imprisonment. The defendant's motion to reconsider the sentence was denied, and he timely appealed.

II. ANALYSIS
Because the defendant failed to object to the use of the security belt at trial or include the issue in a post-trial motion, he asks this court review the issue for plain error. People v. Enoch, 122 Ill.2d 176, 119 Ill.Dec. 265, 522 N.E.2d 1124 (1988). Therefore, we will first ascertain whether any error occurred and, if so, then determine whether it rose to the level of plain error.

A. Lack of Record Evidence
Before turning to the defendant's argument on appeal, we must first consider the State's contention that the record fails to show that the defendant was forced to wear an electronic security belt throughout the trial. The State argues that the record only shows that the defendant was required to wear the belt during voir dire, and that the defendant's contention that he was required to wear a belt during the entire trial is mere conjecture.
We believe, however, that it is reasonable to conclude that the defendant did in fact wear the belt throughout the proceedings. As we recently stated, "[t]his is especially so since the State, not long ago, asked this court to validate the Will County Sheriff's Department's `standard operating procedure' of forcing all felony defendants in custody to wear a stun belt while appearing in court." People v. Allen, 354 Ill.App.3d 442, 444, 290 Ill.Dec. 284, 821 N.E.2d 335, 337 (2004); see also People v. Martinez, 347 Ill.App.3d 1001, 283 Ill.Dec. 801, 808 N.E.2d 1089 (2004).
Moreover, the lack of any further mention of a security device in the record will not prevent us from reviewing the issue. The Supreme Court has stated that, "a fair trial, in all its stages, is a fundamental requirement in a criminal prosecution and when such requirement is not met, it amounts to a denial of due process of law." Boose, 66 Ill.2d at 269, 5 Ill.Dec. 832, 362 N.E.2d at 306-307 (citing People v. Finn, 17 Ill.2d 614, 617, 162 N.E.2d 354, 356 (1959)). Thus, even if the device was only worn during voir dire, the defendant could still challenge its use.

B. Use of a Restraining Device
The presumption of innocence is central to the administration of criminal justice. Therefore, the restraint of a defendant in a courtroom should be avoided because: (1) it tends to prejudice the jury against the defendant; (2) it restricts the defendant's ability to assist his counsel during trial; and (3) it offends the dignity of the judicial process. Boose, 66 Ill.2d 261, 5 Ill.Dec. 832, 362 N.E.2d 303. However, a defendant may be placed in restraints in the presence of the jury if there is "a showing of a manifest need for such restraints." Boose, 66 Ill.2d at 265-66, 5 Ill.Dec. 832, 362 N.E.2d at 305. In Boose, the Illinois supreme court defined 13 factors that the trial court must consider before determining restraint to be appropriate. Boose, 66 Ill.2d 261, 5 Ill.Dec. 832, 362 N.E.2d 303.
The decision to restrain a defendant at trial is left to the discretion of the trial judge. Boose, 66 Ill.2d 261, 5 Ill.Dec. 832, 362 N.E.2d 303. However, before ordering a defendant restrained, the trial judge should state his reasons on the record, and the failure to properly analyze the *679 Boose factors is a due process violation. Boose, 66 Ill.2d 261, 5 Ill.Dec. 832, 362 N.E.2d 303; Martinez, 347 Ill.App.3d 1001, 283 Ill.Dec. 801, 808 N.E.2d 1089.
In this case, the trial judge ordered the defendant's handcuffs and shackles to be removed prior to voir dire, but also noted that the defendant would continue to wear an electronic security belt. The judge offered no justification for the use of this restraint. This action failed to fulfill the mandates of Boose and Martinez, and constituted a violation of the defendant's due process rights. However, we must still consider whether that violation constituted plain error.

C. Plain Error
As a general rule, an issue is waived on appeal if it was not raised in the trial court through both a contemporaneous objection and a written posttrial motion. Enoch, 122 Ill.2d 176, 119 Ill.Dec. 265, 522 N.E.2d 1124. Nonetheless, plain errors affecting substantial rights may be noticed by an appellate court despite any waiver. 134 Ill.2d R. 615(a). The plain error rule is invoked only where the evidence was closely balanced, or the error in the trial court denied the defendant a fair trial. People v. Topps, 293 Ill.App.3d 39, 227 Ill.Dec. 183, 687 N.E.2d 106 (1997). The defendant does not contend on appeal that the evidence of his guilt was closely balanced; therefore, our inquiry focuses solely on the second prong of plain error.
Generally, under a plain error analysis, it is the defendant's burden to show that the error prejudiced him, and a forfeited error cannot be corrected on appeal unless the defendant shows that the error was prejudicial. People v. Thurow, 203 Ill.2d 352, 272 Ill.Dec. 185, 786 N.E.2d 1019 (2003). Applying this reasoning, the Appellate Court, Fifth District recently considered issues of plain error and prejudice in People v. Crutchfield, 353 Ill.App.3d 1014, 289 Ill.Dec. 731, 820 N.E.2d 507 (2004) and People v. DuPree, 353 Ill.App.3d 1037, 289 Ill.Dec. 784, 820 N.E.2d 560 (2004).
In those cases, the court found that while "requiring a defendant to wear a stun belt without conducting a hearing on the necessity for the restraint once he objects is a due process violation, * * * the defendant [did not meet] his burden of showing that the error prejudiced him to the extent that it deprived him of a fair trial, i.e., he did not show that the jury verdict would have been different without the error." Crutchfield, 353 Ill.App.3d at 1021-1022, 289 Ill.Dec. 731, 820 N.E.2d at 514. Since the defendant could not point to any prejudice, the appellate court found that the "trial court's failure to conduct a hearing on the necessity of the stun belt as a restraint for the defendant did not contribute to his conviction, and thus the plain error doctrine is inapplicable and the error has been procedurally defaulted." DuPree, 353 Ill.App.3d at 1044, 289 Ill.Dec. 784, 820 N.E.2d at 566.
We do not agree with the analysis of the Fifth District on this particular issue. Supreme Court Rule 615 makes it clear that plain errors affecting substantial rights may be noticed by an appellate court. 134 Ill.2d R. 615(a). Moreover, the second prong of the plain error doctrine may be invoked in circumstances where, despite the absence of objection, application of the rule is necessary to preserve the integrity and reputation of the judicial process. People v. Herrett, 137 Ill.2d 195, 148 Ill.Dec. 695, 561 N.E.2d 1 (1990).
As Boose itself indicates, one reason that the restraint of a defendant should be avoided is that such restraints offend the dignity of the judicial process. Boose, 66 Ill.2d 261, 5 Ill.Dec. 832, 362 *680 N.E.2d 303. We believe that the indiscriminate use of a stun belt, a device that can deliver an eight-second, 50,000 volt shock (see Martinez, 347 Ill.App.3d 1001, 283 Ill.Dec. 801, 808 N.E.2d 1089), offends the dignity of our courts. Use of such a device should occur only with sufficient justification, and after the trial court has placed that justification on the record pursuant to Boose and Martinez.
It was this concern that recently prompted this court to find plain error in Allen, 354 Ill.App.3d 442, 290 Ill.Dec. 284, 821 N.E.2d 335, despite any more specific allegations of prejudice. It is this concern that leads us to also find plain error in this case.
Moreover, the waiver doctrine is an administrative limitation on the parties, not a jurisdictional constraint on this court. People v. Farmer, 165 Ill.2d 194, 209 Ill.Dec. 33, 650 N.E.2d 1006 (1995). Therefore, even were we to find this error to be procedurally defaulted, our concern over the indiscriminate use of this type of restraint would lead us to relax the waiver rule in this case.

D. Relief
Despite our agreement with the defendant that the trial court erred in failing to place its reasons for the use of a stun belt on the record, we do not agree that he is automatically entitled to a new trial. As we recently stated in People v. Johnson, 356 Ill.App.3d 208, 211, 292 Ill.Dec. 177, 825 N.E.2d 765 (2005), "rather than proceeding immediately to a new trial, this problem can be remedied by remanding the case to the trial court for a retrospective Boose hearing. If the hearing reveals an adequate basis for having used the stun belt, then the defendant's conviction should stand. If, however, the Boose analysis does not favor using the belt, then a new trial would be indicated." Therefore, we affirm the defendant's conviction, subject to a remand for a posttrial hearing on the decision to restrain the defendant.
Affirmed and remanded with directions.
SCHMIDT, J., specially concurs, and LYTTON, J., partially concurs and partially dissents.
Justice SCHMIDT, specially concurring:
For the reasons set forth in my special concurrence in People v. Johnson, 356 Ill.App.3d 208, 292 Ill.Dec. 177, 825 N.E.2d 765 (2005), I concur notwithstanding the fact that I disagree with the analysis here. I would prefer to affirm the trial court. There is not even a hint that any error involving the electronic security belt prejudiced the defendant or otherwise contributed to his conviction. There being no prejudice and no argument that the evidence was closely balanced, plain error analysis is inappropriate. People v. Crutchfield, 353 Ill.App.3d 1014, 289 Ill.Dec. 731, 820 N.E.2d 507 (2004); People v. DuPree, 353 Ill.App.3d 1037, 289 Ill.Dec. 784, 820 N.E.2d 560 (2004).
Justice LYTTON concurring in part and dissenting in part:
I concur with parts A, B and C of Justice Holdridge's analysis. However, I dissent from part D concerning the relief given to the defendant. I believe that remand for a new trial is necessary for the reasons stated in my partial concurrence and partial dissent in People v. Johnson.