NO. 4-04-0217          Filed: 2/10/06

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| CRAIG BARNEY, | ) | No. 03CF1925 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Michael Q. Jones, |
| | ) | Judge Presiding. |

_____

JUSTICE KNECHT delivered the opinion of the court:

In January 2004, a jury convicted defendant, Craig
Barney, of obstructing justice (720 ILCS 5/31-4(a) (West 2002)).
In February 2004, the trial court sentenced defendant to a
three-year prison term.  During his trial, defendant was
restrained by leg irons.  Defendant did not object to the
shackling.  Despite his lack of objection, defendant argues on
appeal his shackling was plain error.  We disagree and affirm.

I. BACKGROUND

At trial, the State presented the testimony of two
Urbana police officers, Matthew Quinley and David Smysor.
Quinley testified he was dispatched to the residence of Charisma
Johnson to arrest defendant on an outstanding warrant.  Smysor
was similarly dispatched.  After they arrived at Johnson's
residence, Smysor spoke with Johnson while Quinley went upstairs
to find defendant.  Quinley found defendant, who was packing to
leave, in an upstairs bedroom.

Quinley informed defendant he was under arrest on the

outstanding warrant and took defendant into custody.  As part of the arrest process, Quinley conducted a routine search.  Smysor was on defendant's left side, while Quinley was on his right side.  Quinley searched the right side of defendant.  In the watch pocket of defendant's pants, Quinley found two small, clear, tied plastic bags.  Inside each bag was "a white chunky substance."  Quinley believed the product was crack cocaine because it resembled crack cocaine both in substance and in its packaging.  Quinley laid the plastic bags on the bed, along with two sets of keys and two lighters he found on defendant's person.

Quinley testified Smysor next searched defendant's left side.  When Smysor completed his search, defendant buckled his knees and fell forward onto the top of the bed.  Defendant then inhaled the two bags.  Quinley tried to open his mouth, while Smysor "applied a pressure point to him."  Quinley and Smysor yelled at defendant to spit out the bags.  Defendant did not comply.  When defendant did open his mouth, Quinley found nothing.  Defendant said, "It is gone."  Defendant later told Quinley the substance was soap and his attorney would have the charges dropped by the next morning.  The officers searched the room and did not find the Baggies.

On cross-examination, Quinley testified he believed Johnson was downstairs when the arrest and search occurred.  The officers did not take defendant to a hospital or make any efforts to pump his stomach or vomit.

Smysor's testimony corroborated Quinley's regarding the search and defendant's ingestion of the Baggies.  Smysor testified, however, Johnson was in the hallway outside the bedroom

door during the arrest.  Johnson was not close to defendant or the officers.

At the close of the State's evidence, and after a lunch recess, the trial court admonished defendant regarding his right to decide whether to testify.  Then the following colloquy occurred regarding the leg irons:

"THE COURT: Okay.  I think because of the unique situation with the leg irons, we need to determine whether or not he wishes to testify. [Defense counsel], is this a decision that you and your client still aren't in a position to make until you evaluate the testimony of the other witness, or is it one you're in a position to make now?

[DEFENSE COUNSEL]: I believe we can make it now, if I may have just a moment.  Judge, we are in a position to decide, and he does not intend to testify at this time.

THE COURT: Okay.  That is a decision that you have made and it is your choice; is that correct, Mr. Barney?

DEFENDANT: That is correct.

THE COURT: Very good, sir.  Now counsel, is there any reason then that we can't go ahead right now.  It is not visible, is it, to the jurors, his leg irons there?

[PROSECUTOR]: It is visible to me.

OFFICER: It is tucked in his shoe and

˅ 3 ˅

his pant leg is over it.

THE COURT: I'm going to get off the bench for a second. [Defense counsel], to satisfy yourself, come on over here but I can't see it.

[DEFENSE COUNSEL]: I suppose I really should.  Thank you.  I really can't see anything obvious.

THE COURT: Okay.  Looks to me then there is no prejudice to the defendant if we just proceed with the trial at this time.  So is there anything else either of you wish to place on the record?

[DEFENSE COUNSEL]: No."

Defendant presented the testimony of one witness, Charisma Johnson.  Johnson testified defendant was her boyfriend until the day of his arrest.  From the doorway, Johnson observed part of the search of defendant.  During the search of defendant's left side, one of the officers was attempting to keep her out of the room.  Johnson could see the bed clearly from where she stood.  On the bed were some objects, including money, a lighter, cigarettes, and candy wrappers, taken from defendant's pockets.  None of the objects were bags of crack cocaine. Johnson did not see defendant fall on the bed.  She also did not see the officers search the room.

On cross-examination, Johnson admitted the bedding had wrinkles because the bed had not been made.  She did not see two sets of keys or two lighters on the bed.  Johnson testified all

she saw the police remove from defendant was money.  The officer said, "This must be drug money."  Johnson responded the money was hers.  Johnson did not see an officer search defendant's right side.

The jury found defendant guilty of obstructing justice.  The trial court later sentenced defendant as stated.

This appeal followed.

## II. ANALYSIS

The shackling of defendants during trial should be avoided.  See People v. Boose, 66 Ill. 2d 261, 362 N.E.2d 303 (1977).  Restraining a defendant by shackling tends to prejudice the jury, limits a defendant's ability to aid counsel in his defense, and "offends the dignity of the judicial process." Boose, 66 Ill. 2d at 265, 362 N.E.2d at 305.

Though disfavored, shackling is permissible in certain circumstances.  A court may order a defendant shackled when it has reason to believe (1) the defendant may attempt to escape, (2) the defendant may pose a danger to individuals in the court-room, or (3) shackling is necessary to maintain order.  Boose, 66 Ill. 2d at 266, 362 N.E.2d at 305.  Before such an order may be entered, the court must hold a hearing on this issue outside the presence of the jury.  During this hearing, the court shall give defense counsel the opportunity to argue why defendant should not be shackled; and the court shall state, for the record, the reasons for the shackling.  Boose, 66 Ill. 2d at 266, 362 N.E.2d at 305.  In this case, no Boose hearing was held and no reasons for the shackling were set forth in the record.

Defendant, however, did not object to the leg shackling

at trial or in a posttrial motion.  Because he did not object, he has forfeited our review of the error.  See <u>People v. Beard</u>, 356 Ill. App. 3d 236, 241, 825 N.E.2d 353, 359 (2005); see also <u>People v. Strickland</u>, No. 4-04-0218 (February 10, 2006), ___ Ill. App. 3d ___, ___, ___ N.E.2d ___, ___.

Defendant urges this court to consider his argument under the plain-error doctrine.  Defendant argues his shackling without a <u>Boose</u> hearing constitutes plain error.  Defendant relies on the Third District decision, <u>People v. Allen</u>, 354 Ill. App. 3d 442, 443, 446, 821 N.E.2d 335, 337, 339 (2004), <u>appeal allowed</u>, 214 Ill. 2d 537, 830 N.E.2d 4 (2005) (No. 99977), which held the use of an electronic security belt as a restraining device without a <u>Boose</u> hearing was plain error.

The State disagrees and contends defendant has not shown plain error.  In support, the State relies on a Fifth District decision, <u>People v. Crutchfield</u>, 353 Ill. App. 3d 1014, 1021-22, 820 N.E.2d 507, 514-15 (2004), in which the court found no plain error in the use of a stun belt during trial because the defendant could not show he was prejudiced.

Under the plain-error doctrine, a court of review may consider issues that were otherwise forfeited due to the failure to object at trial or in a posttrial motion.  Before this court may invoke the doctrine and find plain error, we must find the evidence at trial closely balanced or the error was of such magnitude that the defendant was denied a substantial right and a fair trial.  See <u>People v. Armstrong</u>, 183 Ill. 2d 130, 151, 700 N.E.2d 960, 969 (1998).

We have not yet considered the issue of whether shack-

ling, absent a <u>Boose</u> hearing, constitutes plain error.  We have considered, in <u>People v. Love</u>, 327 Ill. App. 3d 313, 317-18, 763 N.E.2d 829, 833 (2002), whether the use of a mask during trial amounted to plain error.  However, we did not reach the question of whether the error was of sufficient magnitude to constitute plain error because we found no error in the court's order to mask the accused.  See <u>Love</u>, 327 Ill. App. 3d at 318-19, 763 N.E.2d at 833-34.

The Third and Fifth District Appellate Courts have considered the issue and reached opposite conclusions.  The Third District's finding that shackling absent a <u>Boose</u> hearing always equals plain error finds its roots in <u>People v. Doss</u>, 347 Ill. App. 3d 418, 807 N.E.2d 697 (2004).  In <u>Doss</u>, as here, the defendant was required to wear leg shackles during his trial, he did not object to such shackling, and the court did not believe the jury could see the shackles.  See <u>Doss</u>, 347 Ill. App. 3d at 427-28, 807 N.E.2d at 704-05.  In considering the defendant's claim, the <u>Doss</u> court emphasized the presumption of innocence, as well as the defendant's right to stand trial, absent certain circumstances, "with the appearance, dignity[,] and self-respect of an innocent and free person." <u>Doss</u>, 347 Ill. App. 3d at 427, 807 N.E.2d at 704.  The court concluded shackling amounted to plain error because defendant was deprived of a fair trial. <u>Doss</u>, 347 Ill. App. 3d at 428, 807 N.E.2d at 705.  Upon reaching this conclusion, the <u>Doss</u> court emphasized the right to appear innocent and free was particularly significant in its case because "the defense theory [was] one of mistaken or inaccurate identity." <u>Doss</u>, 347 Ill. App. 3d at 428, 807 N.E.2d at 705.

After Doss, the Third District decided Allen, the case upon which defendant relies. In Allen, the defendant, during trial, wore an electronic security belt as a restraining device and did not object to its use. Allen, 354 Ill. App. 3d at 445, 821 N.E.2d at 38. In spite of the forfeiture of the issue, the court found plain error and reversed. Allen, 354 Ill. App. 3d at 446, 821 N.E.2d at 339. The court reached this conclusion not by evaluating the facts of Allen as applied to the plain-error doctrine, but by concluding Doss controlled. See Allen, 354 Ill. App. 3d at 446, 821 N.E.2d at 339.

Later, in People v. Brown, 356 Ill. App. 3d 1088, 1090-91, 828 N.E.2d 351, 354 (2005), the Third District majority again addressed the shackling issue and again cited Doss as the basis for finding plain error. But Justice Schmidt, who authored the Doss opinion (see Doss, 347 Ill. App. 3d at 420, 807 N.E.2d at 698), criticized the Third District's reliance on Doss. Justice Schmidt objected to an automatic finding of plain error and wrote the shackling issue in Doss "was reviewed under the plain[-]error doctrine because we found the evidence closely balanced." Brown, 356 Ill. App. 3d at 1091, 828 N.E.2d at 355 (Schmidt, J., concurring in part and dissenting in part). Justice Schmidt further took the blame for the improper reliance on Doss:

> "To the extent that the Doss opinion can be
> read to stand for the proposition that shack-
> ling of the ankles without a Boose hearing is
> always reversible error, that can be laid on
> the shoulders of the relatively new and inar-
> ticulate appellate judge who authored the

opinion." Brown, 356 Ill. App. 3d at 1091,
828 N.E.2d at 355 (Schmidt, J., dissenting).

Two decisions from the Fifth District, Crutchfield and
People v. DuPree, 353 Ill. App. 3d 1037, 820 N.E.2d 560 (2004),
rejected the proposition that shackling absent a Boose hearing is
always plain error. In Crutchfield, the court agreed that
requiring a defendant to wear a stun belt absent a Boose hearing
was a due-process violation but concluded defendant did not
establish the requirements of the second test under the plain-
error doctrine. In other words, the court found defendant did
not prove the error prejudiced him to the extent that it denied
him a fair trial. Crutchfield, 353 Ill. App. 3d at 1021-22, 820
N.E.2d at 514-15.

In DuPree, the Fifth District employed similar analysis
to reach the same conclusion. In DuPree, the defendant was
required to wear a stun belt without a Boose hearing and did not
object. DuPree, 353 Ill. App. 3d at 1042, 820 N.E.2d at 564-65.
Despite his forfeiture of the issue, the defendant urged the
reviewing court to apply the plain-error doctrine to his case and
argued "his trial was rendered fundamentally unfair by the fact
that he was required to wear a stun belt without the court having
first determined that it was necessary for him to do so."
DuPree, 353 Ill. App. 3d at 1043, 820 N.E.2d at 565.

The DuPree court acknowledged the unfairness but
determined the lack of objection rendered the violation not
fundamentally unfair. In support, the DuPree court stated its
conclusion was consistent with that of the United States Supreme

Court, which held the following:

> "'[A]lthough the State cannot, consistently with the [f]ourteenth [a]mendment, compel an accused to stand trial before a jury while dressed in identifiable prison clothes, the failure to make an objection to the court as to being tried in such clothes, for whatever reason, is sufficient to negate the presence of compulsion necessary to establish a constitutional violation.'" (Emphasis in original.) DuPree, 353 Ill. App. 3d at 1044, 820 N.E.2d at 566, quoting Estelle v. Williams, 425 U.S. 501, 512-13, 48 L. Ed. 2d 126, 135, 96 S. Ct. 1691, 1697 (1976).

The DuPree court further observed the stun belt did not seem to affect the defendant's decision not to testify and no evidence suggested the jury was aware of the stun belt. The court concluded the failure to hold a Boose hearing did not contribute to defendant's conviction and the plain-error doctrine did not apply. DuPree, 353 Ill. App. 3d at 1044, 820 N.E.2d at 566.

After the Crutchfield and DuPree decisions, the Third District acknowledged the two decisions and expressly disagreed with their holdings in People v. Buckner, 358 Ill. App. 3d 529, 532-33, 831 N.E.2d 676, 679 (2005). The Buckner court, considering the claims of a defendant who was restrained by a stun belt during trial, held the following:

˅ 10 ˅

"We do not agree with the analysis of
the Fifth District on this particular issue.
Supreme Court Rule 615 makes it clear that
plain errors affecting substantial rights may
be noticed by an appellate court.  134 Ill.
2d R. 615(a).  Moreover, the second prong of
the plain[-]error doctrine may be invoked in
circumstances where, despite the absence of
objection, application of the rule is neces-
sary to preserve the integrity and reputation
of the judicial process.  People v. Herrett,
137 Ill. 2d 195, 561 N.E.2d 1 (1990)."
Buckner, 358 Ill. App. 3d at 533, 831 N.E.2d
at 679.

The Buckner court further found "the indiscriminate use of a stun
belt, a device that can deliver an 8-second, 50,000-volt shock
[citation], offends the dignity of our courts."  Buckner, 358
Ill. App. 3d at 533, 831 N.E.2d at 680.  The Buckner court last
concluded the application of waiver is an administrative limita-
tion and not a jurisdictional constraint, and even if it were,
"to find this error to be procedurally defaulted, our concern
over the indiscriminate use of this type of restraint would lead
us to relax the waiver rule in this case."  Buckner, 358 Ill.
App. 3d at 533, 831 N.E.2d at 680.

We have considered the decisions of the Third and Fifth
Districts and conclude plain error does not automatically occur
when shackles are used without a Boose hearing.  We find the
Third District decisions are unconvincing.  Allen and Brown both

relied on <u>Doss</u> for their plain-error findings.  Such reliance is undermined by the author of <u>Doss</u>, who asserts the plain-error finding in <u>Doss</u> was based not on the second prong of the plain-error doctrine but because the evidence was closely balanced.  See <u>Brown</u>, 356 Ill. App. 3d at 1091, 828 N.E.2d at 355 (Schmidt, J., dissenting).  Although the <u>Doss</u> court did not explicitly state the reasons for its plain-error determination, Justice Schmidt's assertion in <u>Brown</u> finds support in <u>Doss</u>'s rationale that the need to protect the <u>Doss</u> defendant's right to appear innocent was especially significant given the defense's mistaken-identity theory.  See <u>Doss</u>, 347 Ill. App. 3d at 428, 807 N.E.2d at 705.

In addition, the <u>Buckner</u> court did not expressly find either prong of the plain-error rule was satisfied.  In disagreeing with the Fifth District, the <u>Buckner</u> court simply asserted "Supreme Court Rule 615 makes it clear that plain errors affecting substantial rights may be noticed by an appellate court" and the second prong of the plain-error rule could be invoked when necessary to preserve the integrity and reputation of the judicial process.  <u>Buckner</u>, 358 Ill. App. 3d at 533, 831 N.E.2d 680.  We believe this is a mischaracterization of the plain-error rule.  It is well established that to establish the second prong, one must show "the error is so fundamental and of such magnitude that the accused was denied the right to a fair trial."  <u>People v. Williams</u>, 193 Ill. 2d 306, 348-49, 739 N.E.2d 455, 477 (2000); see also <u>People v. Johnson</u>, 208 Ill. 2d 53, 64, 803 N.E.2d 405, 411-12 (2003); <u>Armstrong</u>, 183 Ill. 2d at 151, 700 N.E.2d at 969.  The necessity to preserve the integrity and reputation of the

judicial process is a purpose of the doctrine, not a lone, triggering factor for its implementation.  See Williams, 193 Ill. 2d at 348, 739 N.E.2d at 477 (stating a purpose of the plain-error rule is to "preserve the integrity and the reputation of the judicial process").

Moreover, we need not, as the Buckner court did, forgive the procedural defect because of "concern over the indiscriminate use of this type of restraint."  Buckner, 358 Ill. App. 3d 533, 831 N.E.2d at 680.  The Buckner decision, as well as other decisions of the Third District, was considering the standard operating practice of the Will County sheriff to force the use of electronic stun belts in court.  See, e.g., People v. Martinez, 347 Ill. App. 3d 1001, 1003, 808 N.E.2d 1089, 1090 (2004).  We do not condone the use of leg shackles absent the requisite findings under Boose.  We also note the use of leg irons in this case does not rise to the same offensiveness or extremity as the indiscriminate use of a stun belt, which, when activated, incapacitates the wearer "up to 45 minutes and causes immediate and uncontrollable defecation and urination."  Martinez, 347 Ill. App. 3d at 1006, 808 N.E.2d at 1093 (McDade, J., specially concurring).

We do not decide whether Buckner, rather than Crutchfield or DuPree, reached the correct decision as to the stun belt.  However, we agree with Crutchfield and DuPree to the extent those decisions show the shackling of a defendant without a Boose hearing does not automatically amount to plain error. Without objecting and preserving the issue for review, the defendant must show the evidence was closely balanced or "the

error was so serious it affected the fairness of his trial and challenged the judicial process's integrity." <u>People v. Thompson</u>, 359 Ill. App. 3d 947, 951, 835 N.E.2d 933, 936 (2005).

In this case, defendant did not meet his burden. Defendant does not argue the evidence is closely balanced. Such an argument would fail. The State presented the testimony of two police officers, who both testified defendant possessed and then ingested two clear bags that contained a white substance. Johnson, defendant's ex-girlfriend, disputed testimony that defendant fell on the bed. She also testified, however, she was not in the bedroom, but in the doorway, the bed was not made, and she did not see part of the search.

Defendant also has not shown prejudice. Although the record shows the prosecutor could see the leg irons, the record also shows the trial judge stepped from his bench and was satisfied the leg irons were not noticeable by the jury. Defense counsel repositioned himself and was similarly satisfied. Nothing indicates defendant's decision not to testify was influenced in any way by the leg shackles. Moreover, defendant makes no argument that the leg shackles prevented defendant from assisting in his defense.

### III. CONCLUSION

Defendant failed to establish either prong of the plain-error doctrine. We find defendant forfeited consideration of his argument on appeal and affirm the trial court's judgment.

Affirmed.

APPLETON and MYERSCOUGH, JJ., concur.